## TEXAS & P. RY. CO. v. DICKEY.
### No. 1485.

Court of Civil Appeals of Texas. Waco.
April 5, 1934.

Rehearing Denied May 3, 1934.

Bibb & Bibb, of Marshall, and Bramlette & Meredith, of Longview, for appellant.

Jones & Jones and Percy Woodard, all of Marshall, for appellee.

ALEXANDER, Justice.

L. L. Dickey recovered a judgment for the sum of $7,500 against the Texas & Pacific Railway Company for certain personal injuries sustained by him as the result of a collision at a railway crossing between one of the defendant's trains and a truck on which the plaintiff was riding. The Railway Company appealed.

It was undisputed that as a result of the collision plaintiff's right ankle was dislocated and various other portions of his body bruised and otherwise injured. It was a closely contested issue, however, as to whether the plaintiff received a brain injury. With the record in this condition the court submitted several questions of alleged negligence on the part of the defendant, and followed each of such questions with an issue as to whether or not such negligence, if any, "was a proximate cause of the injuries to plaintiff." The defendant contends that the court erred in thus assuming that plaintiff received "injuries." The only objection made in the trial court to the charge in this respect was as follows: "Defendant objects to special issues 1 to 14 except No. 6, inclusive, and all special issues submitting the plaintiff's theory of the case, because they all assume as an undisputed fact that the plaintiff has received the injuries of which he complains." The objection as made did not point out any error which requires a reversal of the judgment. The court did assume in submitting the issues that plaintiff had received "injuries." However, since it was admitted that plaintiff had received several injuries to his body, the court had a right to so assume in submitting the case to the jury. Lloyds Casualty Company of New York v. Grilliett (Tex. Civ. App.) 64 S.W.(2d) 1005, par. 2, and cases there cited; Security Union Insurance Co. v. Hall (Tex. Civ. App.) 37 S. W.(2d) 811. We do not think it can be said that the court, by so drawing the charge, assumed that plaintiff had received a certain specific injury, to wit, the injury to the brain about which there was a dispute; but if the charge was subject to this criticism, the

defendant's objection thereto was too general to call this specific contention to the court's attention. See Chase Bag Co. v. Longoria (Tex. Civ. App.) 45 S.W.(2d) 242, par 4, and cases there cited.

 The defendant requested the court to submit to the jury a certain specially request-. ed issue inquiring whether or not the plaintiff received an injury to the brain, and another inquiring whether or not the plaintiff sustained all of the injuries of which he complained. These charges were refused and the rulings of the court thereon are assigned as error. Such charges presented mere evidentiary issues, for the jury's answers thereto would not have aided the court in determining what judgment should be entered in the case. There was no error, therefore, in the ruling of the court. Speer on Special Issues, p. 147; Freeman v. G., H. & S. A. Ry. Co. (Tex. Com. App.) 285 S. W. 607; Hoover v. Hamilton (Tex. Civ. App.) 14 S.W.(2d) 935; Texas & P. Ry. Co. v. Ray (Tex. Civ. App.) 287 S. W. 91; Scales v. Lindsay (Tex. Civ. App.) 43 S.W.(2d) 286; Towler v. Stone (Tex. Civ. App.) 37 S.W.(2d) 827, par. 4. It is true that an answer to either of such issues might have served as a basis for an argument that the verdict was excessive, but it has been held improper to thus cross-examine a jury for such purpose where the answer would not be material for any other purpose. Andrews v. Wilding (Tex. Civ. App.) 193 S. W. 192 (writ refused); San Antonio & A. P. Ry. Co. v. Stuart (Tex. Civ. App.) 178 S. W. 17; Fisheries Company v. McCoy (Tex. Civ. App.) 202 S. W. 343.

The court instructed the jury, in part, as follows: "In arriving at your verdict, you will not reach the same by lot; which is to say, the adding of amounts and dividing the same by any number and using the quotient for a verdict, or any other method of chance. You will not take into consideration the question of attorney's fees." The defendant objected to the charge: First, because "it will tend to cause the jury to think that the court expects them to award damages to plaintiff"; and, second, because "it directed the jury's attention to attorney's fees upon which there is no evidence." The charge was not objectionable for either of the reasons stated. In view of the numerous cases which we are compelled to reverse on account of misconduct of the jury, we are inclined to encourage rather than discourage the giving of such admonitory charges. Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104,

par. 4; Northern Texas Traction Co. v. Woodall (Tex. Civ. App.) 294 S. W. 873; Houston Belt & Terminal R. Co. v. Davis, (Tex. Civ. App.) 19 S.W.(2d) 77.

The defendant next contends that the verdict is excessive. The evidence introduced by the plaintiff, if believed by the jury, was ample to support the verdict. The defendant's contention in this respect is therefore overruled.

The judgment of the trial court is affirmed.