**CARLE OIL CO., Inc., v. OWENS.**

No. 10557.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 1, 1939.

Rehearing Denied Dec. 13, 1939.

Spears, Conger, Baskin & Spears, of San Antonio, for appellant.

H. H. Schuenemann, of Kenedy, and Wade & Wade, of Beeville, for appellee.

SLATTON, Justice.

A. R. Owens sued Carle Oil Company, Inc., in the District Court of Karnes County, to recover damages for personal injuries and damages to his automobile caused by a collision with his car and one belonging to the Oil Company.

A trial to a jury resulted in a special verdict in favor of Owens, and judgment was rendered thereon against the Oil Company for the sum of $1,110.33; hence this appeal.

The first two propositions assert error in the charge, in that the jury were permitted to consider mental pain suffered by Owens in arriving at the amount of damages, and that the pleadings of Owens limited his recovery to physical pain.

Owens averred his injuries as follows:

"His left eye and left side of his head were cut by pieces of glass, causing a deep laceration on the left side of his head near the eye, which caused him much pain and physical suffering, and which has caused permanent injury to the side of his head and the sight of his left eye.

"That his left arm and the muscles and ligaments of his left arm and shoulder were severely bruised, strained and torn, causing him much physical pain and suffering.

"That his neck was twisted and the muscles, ligaments and nerves in his neck and spine were wrenched and strained, causing continued soreness and much pain and suffering.

"That his left leg and especially the knee and just below the knee, was bruised, and the muscles and ligaments of his left leg, together with the bones and the joint, were strained in such a manner as to cause the plaintiff much physical pain and suffering, all of which injuries were caused by the negligence of the defendant, and that because of such negligence of the defendant, its agent, servant and employee, the plaintiff has suffered damages in the amount of One-Thousand ($1,000.00) Dollars, for the physical pain and suffering sustained by him in the past, and for which he will in all time to come in the future, sustain."

The appellee by the following paragraph, to-wit: "The plaintiff has suffered damages in the amount of one thousand dollars for the physical pain and suffering sustained by him in the past; and for which he will in all time to come in the future sustain." limited his recovery for damage sustained in virtue of physical pain and suffering sustained by him. Houston & T. C. R. Co. v. Rogers, Tex.Civ. App., 117 S.W. 1053. However, the trial court in the charge allowed the jury to consider the elements of mental and physical pain suffered by Owen to the trial, and such mental and physical pain that Owens may suffer in the future.

The appellant made the following objections: "Because in such paragraph A of question No. 7, the jury is permitted to such construction of the court to consider elements of damage not alleged by plaintiff nor proved by plaintiff in arriving at the amount of damage which they may arrive at in answering question No. 7, and therefore permits the jury to find damages not authorized by law in that it authorizes damages to be assessed in plaintiff's favor which have been neither plead nor proved."

Appellee insists that the objection is too general to point out the defect claimed on this appeal. We sustain appellee's contention. Panhandle & S. F. R. Co. v. Brown, Tex.Civ.App., 74 S. W.2d 531; Jackson v. Amador, Tex.Civ. App., 75 S.W.2d 892; Chase Bag Co. v.

Longoria, Tex.Civ.App., 45 S.W.2d 242; Abilene & S. R. Co. v. Herman, Tex.Civ. App., 47 S.W.2d 915; Baker Co. v. Turpin, et al., Tex.Civ.App., 53 S.W.2d 154, 155; Perkins v. Nevill, Tex.Com.App., 58 S.W.2d 50.

■ The appellant by its general objection to the charge "failed to comply with Art. 2185, R.C.S.1925, and the court's charge stands as if not objected to at all, and any errors therein could not be considered on appeal." Isbell et al. v. Lennox et al., 116 Tex. 522, 295 S.W. 920.

■ The appellee sought damages in his pleadings for physical pain in the sum of $1,000, and the jury assessed $800,. therefore, it cannot be said that the sum allowed by the jury is beyond the scope of the pleadings so as to present fundamental error.

The third proposition asserts that the verdict of the jury does not support the judgment. The complaint is grounded upon the fact that the jury made no finding that the negligent acts of appellant's employee were committed within the course of his employment. The jury found:

a. That the truck belonged to appellant.

b. That Otto Eppler was driving the truck at the time of the accident.

c. That Otto Eppler was an employee of appellant at the time of the accident.

There was no evidence adduced that Otto Eppler, at the time of the accident was not acting within the scope of his employment.

■ In the case of Studebaker Bros. v. Kitts, Tex.Civ.App., 152 S.W. 464, 467, writ refused, it is said:

"It is the contention of appellant that, in order to recover, the burden rested on appellee not only to show that the automobile was the property of appellant and being operated by his servant, but that he was at the time acting within the scope of his employment. No such onerous burden rested on appellee when he proved the ownership of the car and that it was being negligently operated by a servant of appellant at the time of the accident, a prima facie case was established, and the burden was upon appellant to rebut it by proof that the servant was not acting within the scope of his employment."

The foregoing rule has been approved by our Supreme Court by the refusal of the application for writ of error. Under that rule of law and the record here presented, the findings of the jury quoted above support the judgment against appellant. If the appellant had, by competent evidence, rebutted the prima facie case made by appellee, then the trial court, upon proper request, should have submitted the issue of whether the servant was acting within the scope of his employment at the time of the accident. The case of Ormsby v. Ratcliff, 117 Tex. 242, 1 S.W. 2d 1084, and those following it, cited by appellant, are not considered controlling in this case.

The fourth and fifth propositions assert error in the submission of the question of damages to appellee's car. Appellee in his trial pleading claimed damages to his car in the sum of $310.33, alleged to be the cost of necessary repairs.

During the trial appellee filed a trial amendment alleging that the car was worth, immediately before the accident, the sum of $400, and immediately after the accident, the sum of $75; and alleging the amount of the repair expense necessary to place the car in the same condition as it was before the accident.

The trial court submitted the following issue and instruction:

"Question No. 8.

"From a preponderance of the evidence, what sum of money, if any, if paid now in cash, would be a fair and reasonable compensation to the plaintiff, A. R. Owens, for the damages, if any, sustained by plaintiff's Chevrolet pick-up, as a direct result of said accident, if any?

"Answer by stating in dollars, or nothing as you may find.

"Answer: $310.33.

"In connection with Question No. 8, you are instructed that the measure of damages, if any, to the automobile, is governed by the following rule of law, to-wit:

" (a) The difference, if any, between the reasonable market value of his, plaintiff's, Chevrolet pick-up, mentioned in his petition at the time of and immediately prior to said collision, if any, and its reasonable market value immediately after said collision, if any.

"The term 'reasonable market value' as used above has the following meaning:

"A reasonable market value means that price which a property will bring when offered for sale in a usual and ordinary way by a person who is willing to sell, but not obligated to sell, and who exercises

ordinary care and reasonable diligence to sell for the best price obtainable to purchasers who are willing to purchase, but are not obligated to purchase, and who exercise ordinary care and reasonable diligence to purchase.

"Question No. 9.

"Do you find from a preponderance of the evidence that the charges made for the repair on plaintiff's Chevrolet pick-up, as set out in his petition, including labor thereon, after the accident, if any, were reasonable?

"Answer 'yes' or 'no'

"We, the jury, answer: Yes.

"Question No. 9–A.

"Do you find from a preponderance of the evidence that the repairs made and labor performed on plaintiff's Chevrolet pick-up as set out in plaintiff's petition were made necessary as a direct result of the accident, if any?

"Answer 'yes' or 'no'

"We, the jury answer: Yes."

The evidence tended to show that the cost of repairs necessary to place the car in its condition before the accident was the sum allowed by the jury, to-wit, $310.-33. There was evidence to the effect that the value of the car before the accident was the sum of $400, and immediately after the accident, the sum of $75.

■ It has been difficult to determine the exact complaint sought to be tendered through these propositions. Appellant does not bring forward on this appeal its objection to the filing of the trial amendment. It does not claim prejudice in the manner of submission. It argues that the proper measure of damages is the difference in value of the property before and after the accident. If we apply that method here the damage, according to the evidence, would be the sum of $325. If we apply the reasonable cost of repair to the present case, according to the undisputed evidence, the damage is the amount found by the jury. The evidence with regard to the amount of damages was not disputed and the jury having allowed the lesser amount upon the two theories, we are unable to see any harm for which appellant is in a position to complain.

■ The sixth and seventh propositions claim that the findings of the jury upon the question of negligence do not support the judgment. The issues and the answers of the jury are as follows:

"Question No. 4.

"Do you find from a preponderance of the evidence that the said Otto Eppler, was operating said Ford truck at the time of the accident on the left-hand side of the highway?

"Answer, 'yes' or 'no.'

"We, the jury, answer: Yes.

"If you have answered Question No. 4, 'yes', then answer Question No. 5, otherwise you need not answer same.

"Question No. 5.

"Do you find from a preponderance of the evidence that the said Otto Eppler was negligent in driving said Ford truck upon the left-hand side of the highway, if you have found he did so drive at the time of the accident?

"Answer, 'yes' or 'no'.

"We, the jury, answer: Yes.

"Question No. 6.

"Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the accident and injuries, if any, to the plaintiff.

"Answer, 'yes' or 'no'

"We, the jury, answer: Yes."

The contention cannot be sustained.

■ The appellant presents the eighth, ninth, tenth and eleventh propositions together, without a sufficient statement to entitle them to consideration. The propositions are without merit. They are overruled for both reasons.

Appellant, through the twelfth and thirteenth propositions, claims error in the charge of the court in the submission of the following question No. 10:

"Do you find from a preponderance of the evidence that the collision complained of was not the result of an unavoidable accident?

"Answer by stating, It was the result of an unavoidable accident, or It was not the result of an unavoidable accident."

The jury answered: "It was not the result of an unavoidable accident."

In connection with Question No. 10 the jury were instructed that "the term unavoidable accident as used in this charge means an accident which occurs without the fault or negligence on the part of any person concerned."

Appellant requested the following special charge:

"Question No. 10. Do you find from a preponderance of the evidence that the

collision complained of was not the result of an unavoidable accident?

"Answer by stating 'it was not an unavoidable accident,' or, 'no.'"

Appellee asserts that the issue of unavoidable accident was not raised by the evidence in this case, therefore, if the charge be erroneous the same is harmless.

█ This contention must be sustained. According to the evidence, appellee was not guilty of any act of omission or commission that would in anywise proximately cause the accident. The collision was caused by the negligence of the employee of appellant. The appellant offered no witnesses. This explains in some measure the lack of evidence raising such issue. In the case of Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777, it was held that under such circumstances the error in the charge was harmless.

The question of unavoidable accident not being raised by the evidence, it becomes unnecessary to pass upon the question of whether or not the charge on that issue was erroneous. The Supreme Court has expressed its view as to the correct method of submitting such issue in the case of Gulf C. & S. F. R. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 116 A.L.R. 795.

The judgment is affirmed.