## S. H. KRESS & CO. v. HALL.
### No. 11244.

Court of Civil Appeals of Texas. Galveston.

July 24, 1941.

Rehearing Denied Oct. 2, 1941.

Kemper, Hicks & Cramer, of Houston (F. Warren Hicks, of Houston, of counsel), for appellant.

Clarence S. Eastham, of Houston, and Randolph Pierson, of Galveston, for appellee.

CODY, Justice.

This is a suit for personal injuries, alleged to have been sustained by appellee by slipping, falling, while shopping in a store of S. H. Kress & Company in Galveston, Texas.

We believe no objection was urged to the special issues which were submitted to the jury on the ground that there were no pleadings to justify such submission. We will therefore not detail the pleadings, but will give the substance of the issues submitted to the jury, and the jury's answers thereto, as follows:

1. That on November 14, 1938, the plaintiff, Mrs. E. C. Hall, slipped down on the floor of the Kress store.

2. That the fall was not the result of an unavoidable accident.

3. That the floor at the place where Mrs. Hall slipped down was in a slippery condition.

4. That she was caused to slip down by reason of the slippery condition of the floor.

5. That the slippery condition of the floor was the result of a floor dressing or preparation used on the floor by the defendant.

5a. That the floor dressing or preparation had not been applied to said floor just prior to Mrs. Hall's fall.

6. That the floor, at the place where plaintiff slipped down, was not in a reasonably safe condition to be walked upon.

7. That the slippery condition of the floor was due to the negligence of the defendant.

8. That said negligence was the proximate cause of plaintiff's fall and resulting injuries.

And the answer to special issue No. 9 fixes the damage at $1,255.

Suit was filed by appellee to recover damages not only against appellant but also against appellant's porter, Lentral Rice.

Defendant's motion for judgment notwithstanding the verdict, which was timely and properly filed, was refused, and judgment was rendered for plaintiff on the verdict. Defendant and plaintiff will hereinafter be designated, respectively, as appellant and appellee. Complaint was made in the motion for a new trial, among other things, of alleged jury misconduct; and with respect thereto, the court heard evidence, and filed findings of fact and conclusions of law, holding there was no misconduct.

Now it is undisputed that appellee was an invitee in appellant's store on the occasion in question. And appellee's evidence is sufficient to sustain the answers to the special issues with the exception of special issue No. 5a, and such issue No. 5a in no way conflicts with the other special issues. As stated, we do not understand that appellant ever objected to the submission of said special issues because there were no pleadings to warrant their submission, or now makes any such contention. Appellee's testimony is that when she started back to where the material she was looking for was kept, that she slipped and fell on floor dressing, and was sent by the floor-walker to a physician's office. She testified that on the floor where she slipped there was some kind of floor dressing, floor oil, or something they were using to clean the floor with; and that it was moist at the time. And that after she got up she saw a colored boy with a mop and a bucket of stuff cleaning the floor, putting out the stuff; that he was some nine feet down the aisle from her and the space between her and the colored boy (the porter) was freshly clean as if a wax or oil mop had come that far back. Also that her skirt got dressing oil on the back of it where she fell, and she got it on gray suede oxfords which she was wearing at the time, and that she got it on her hands from the floor when she fell, that the stuff had an oil feeling; that she wore the shoes with the stuff on them, and which stuff stained the shoes, until they wore out. Miss Thornton testified that she was preceding appellee when she heard a commotion, and turned to see her down on the floor; that the floor where

she fell was oily; that there was an oily spot on the back of appellee's skirt when she got up, and oil on her shoes. This evidence was sufficient to sustain a verdict and judgment for appellee. H. F. Hohlt Co. v. Routt, Tex.Civ.App., 48 S.W.2d 386; Berwald v. Turner, Tex.Civ.App., 52 S.W. 2d 112.

It is to be noted that the answer of the jury to issue No. 5a is not a finding that Lentral Rice was not guilty of negligence, but was a mere finding that the floor dressing was not applied immediately before the fall. To be sure appellant's evidence was that no one ever applied the floor dressing but the porter, and that he only applied it after 6 o'clock in the evening and after the store was closed, and that the floor was therefore bound to have been dry. The jury was not bound to accept appellant's evidence in preference to appellee's; neither does the fact that no judgment was rendered against the negro porter, in addition to the judgment against appellant, establish that Lentral Rice was not guilty of negligence, and that appellant therefore could not be guilty of negligence. Indeed it is not necessary to plaintiff's recovery against appellant to establish that the porter oiled the floor immediately before the appellee's fall, for appellee's pleading was sufficiently general and broad to charge negligence on the part of appellant for leaving its floor in a slippery condition. But even if the jury had found that the porter was not guilty of negligence, this would not have required the court to render judgment in favor of appellant. In the case of Texas & P. Ry. Co. v. Huber, Tex.Civ.App., 95 S.W. 568, 570, the court said:

"We also overrule the tenth assignment, which contends that a motion in arrest of judgment ought to have been sustained because the verdict in favor of Oliphant was a finding that he was free from negligence, and, he being the agency through which the railway company committed the negligence, if any was committed, the verdict against this appellant was unfounded. The question was considered in [Gulf, C. & S. F.] Railway v. James, 73 Tex. 12, 10 S.W. 744, [15 Am.St.Rep. 743], where it was held, in a case of similar character, that, although such a verdict has the appearance of being based on inconsistent and contradictory findings of the jury, this is not of itself enough to require the reversal of a judgment against the passive defendant; the reason being that the finding in favor of the defendant whose act constitutes the negligence complained of, and the finding against the other in the same case by the same jury, can be attributed to improper conduct of the jury in arbitrarily exonerating the former and not necessarily to a finding that there was no negligence on his part. It has often been held that, where the servant or agent who was the real and active wrongdoer has been sued and a judgment has been rendered in his favor, it will be a bar to a judgment against the employer or principal. This rule is not deemed to be applicable where the verdict in favor of the agent or servant nevertheless bears intrinsic evidence that the jury found that the wrongful act complained of had been committed by the agent or servant. The finding against appellant indicates this."

The court heard evidence on appellant's charge, in its motion for new trial, that the jury was guilty of misconduct, and found from the evidence received at such hearing that no agreement was made by the jury, prior to answering the several issues submitted to them that plaintiff should recover and that the issues would be answered so as to carry out such purpose. The evidence amply sustains such finding. This court through Justice Graves held, in effect, in Yellow Cab Co. v. Word, 125 S.W.2d 1050, that whether or not misconduct occurred is to be determined by the trial court in the exercise of his sound judicial discretion, with the duty of giving the evidence the most favorable construction of which it is reasonably susceptible to sustain the verdict.

Appellee was an invitee and as such appellant breached its duty to her in consequence of which she suffered damages. There being no reversible error in the record, the judgment of the trial court should be affirmed; it will be so ordered.

Affirmed.