Olen HICKS, Appellant,

v.

Gloria FREDERICKS, Appellee.

No. 6018.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 29, 1955.

Rehearing Denied Jan. 18, 1956.

Taum, Camp & Ball, Beaumont, for appellant.

Adams, Browne & Sample, Beaumont, for appellee.

ANDERSON, Justice.

The appellee, Gloria Fredericks, who will also be referred to as plaintiff, sued for damages because of personal injuries she alleges she sustained, and because of damage done her automobile, when, on June 18, 1953, at a street intersection in Beaumont, her automobile, which she was driving, was in collision with one driven by the defendant. On a jury's verdict, together with a stipulation regarding some elements of damage, she recovered judgment for the sum of $9,051.08. The aggregate was made up of $8,500 assessed by the jury, $240 as the stipulated amount of medical expense the plaintiff had incurred, and $311.08 as the stipulated amount of automobile damage. The defendant, after his motion for new trial was overruled, duly perfected his appeal.

█ The matters which are complained of all pertain, in one way or another, to the damages awarded. The charge to the jury is attacked because it authorized the jury to consider elements of damage which, it is claimed, had no support in the evidence; viz., past and future loss of earnings or of earning capacity, and future pain and suffering. And because the jury was authorized to consider these elements, the damages assessed by it are attacked as being excessive and without support in the evidence.

In three of his points of error, points one, too, and five, the appellant directly alleges that for stated reasons the trial court erred in submitting to the jury certain portions of the charge pertaining to damages, and the reasons assigned are sufficient to make clear that the basis of complaint is as above stated. However, a trial court's charge to a jury cannot be attacked for the first time on appeal. Rule 272, Texas Rules of Civil Procedure. Consequently, if the points are to be considered as presenting anything for review regarding the charge, they must be construed as complaining of the trial court's action in overruling defendant's objections to the charge. And the only objections to those portions

of the charge under consideration which were timely presented and urged were the following:

"The defendant objects and excepts to the submission of Special Issue No. 18 [damage issue], and more particularly as pertaining to the instruction thereto, for the reason that the evidence introduced in connection with this question is so insufficient that any answer made by the jury in connection with same would have to be passed purely upon speculation and not upon medical evidence or other evidence introduced in the trial of this cause.

"The defendant further objects and excepts to the charge in connection with such issue, for the reason that the evidence is both insufficient and inconclusive as to the loss sustained by Gloria Fredericks, as well as the injuries, if any, received from the collision; and that the same would allow the jury to speculate purely upon this element of damages."

Such objections were properly overruled. There was unquestionably evidence which required submission of a damage issue to the jury, and the foregoing objections were insufficient to direct the trial court's attention to the fact that the issue and its accompanying instructions authorized the jury to consider particular elements of damage not raised by the evidence. In other words, if it was in fact the defendant's purpose to object to the charge for the reasons now assigned on appeal, he failed to point out distinctly in his objections the matters to which he was objecting and the grounds of his objections, as required by Rule 274, Texas Rules of Civil Procedure. See McMahan v. Musgrave, Tex.Civ.App., 229 S.W.2d 894; Carle Oil Co. v. Owens, Tex. Civ.App., 134 S.W.2d 411; Texas & P. R. Co. v. Dickey, Tex.Civ.App., 70 S.W.2d 614; Chase Bag Co. v. Longoria, Tex.Civ. App., 45 S.W.2d 242, 243. Appellant's points one, two, and five are accordingly overruled.

█ After the jury had returned its verdict, but before judgment had been ren-

dered on it, the defendant filed a motion to have a mistrial declared. In it he set out with particularity the objections to the charge which he now urges. By his third point he assigns as error the action of the court in overruling such motion. However, the record does not reflect that the motion was ever presented to the trial court or acted on by it. The point is therefore without support in the record and is overruled. We should perhaps point out, though, that objections to a charge come too late when made for the first time after a verdict has been returned. Rule 272, Texas Rules of Civil Procedure, expressly provides that such objections "shall in every instance be presented to the court in writing before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

Appellant argues that Rule 279 authorizes the procedure he followed in attacking the charge in his motion for mistrial. The rule provides, among other things: "A claim that the evidence was insufficient to warrant the submission of any issue may be made for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party." We are unable to agree with appellant's contention. The quoted portion of the rule obviously has reference to those instances where there is no evidence to require or to justify the submission of a particular issue at all, and not to an instance such as this, where there was evidence to warrant submission of the issue but possibly none to warrant consideration of particular elements of damage which the charge authorized the jury to consider. We think the particular portion of the rule was primarily designed to make workable Rule 301, which provides for judgment non obstante veredicto, or to avoid conflict between the two rules.

By his remaining point, point four, appellant complains of the action of the trial court in overruling both his motion for mistrial and his motion for new trial, in which, he asserts, he alleged that the verdict of the jury was based on mere speculation and conjecture and was excessive because there was no evidence to support an award for the elements of damage above mentioned and no way by which to ascertain the portion of the damages assessed on those elements. The point is overruled. As already stated, the record does not reflect that the motion for mistrial was ever ruled on by the trial court; so, to the extent that it is based on a ruling on that motion, the point is without support in the record. The overruling of the motion for new trial probably did not alter or improve the situation, because as regards the matter under discussion the motion for new trial merely assigned error to the overruling of the motion for mistrial. However, if the motion for new trial is construed as having raised, in a limited manner, the question of the excessiveness of the verdict, we are still of the opinion that no error is shown. The verdict was represented in the motion as being excessive for the particular reason that the jury had been authorized under the court's charge to consider elements of damage which were alleged to be without support in the evidence. It was not attacked as being excessive in any event. By failing to object to the charge that authorized consideration of the elements of damage which are claimed to be without support in the evidence, the appellant, as already held, waived his right to complain of them later in the trial, and yet he would be given such right if permitted to attack the verdict in the manner attempted.

No reversible error having been presented, the judgment of the trial court is affirmed.