**SAFEWAY STORES INCORPORATED,**
**Appellant,**

v.

**Sam BOZEMAN, Appellee.**

No. 128.

Court of Civil Appeals of Texas.

Tyler.

Sept. 16, 1965.

Rehearing Denied Oct. 14, 1965.

Herbert Boyland, Kenley & Boyland, Longview, for appellant.

Rex Houston, Wellborn & Houston, Henderson, for appellee.

MOORE, Justice.

Appellee Sam Bozeman brought this suit for damages against Safeway Stores Incorporated and Rudolph Wallesch, its store manager, for injuries sustained by his wife, Juliette Bozeman, when she slipped and fell in Safeway's grocery store located in Henderson, Texas on the 4th day of January, 1961. Trial to a jury resulted in a verdict for appellee for $15,650.00. The court rendered judgment against Safeway and dismissed Rudolph Wallesch from the suit. From the judgment entered against it, Safeway Stores Incorporated has perfected this appeal.

In response to the special issues submitted by the court, the jury found that at the time Mrs. Bozeman entered the store, she was an invitee; that at the place where she slipped and fell, there was an oil and wax substance upon the floor; that such oil and wax substance created a slick place on the floor; that such oil and wax substance was placed on the floor by Safeway's employees in waxing and buffing the floor; that such substance had been on the floor for a suf-

ficient period of time that Safeway Stores and its employees, in the exercise of ordinary care, should have known of same; Safeway and its employees failed to remove the oily and waxy substance from the floor prior to the time Mrs. Bozeman slipped and fell; that such failure was negligence and a proximate cause of her injuries; that Safeway and its employees failed to properly inspect the floor at the point where Mrs. Bozeman fell and that such failure was a proximate cause of her injuries; that Safeway and its employees failed to warn Mrs. Bozeman of the presence of the oil and wax substance and that such failure was negligence and a proximate cause of her injuries. The jury assessed damages in the amount of $15,000.00 for personal injuries and $650.00 medical expenses. The jury further found that the condition of the floor was not open and obvious, and that she did not voluntarily expose herself to the danger, nor fail to keep a proper lookout.

Appellant made a motion for judgment notwithstanding the verdict and a motion for new trial, each of which was overruled by the trial court, and thereafter perfected this appeal assigning 25 points of error. The points of error pose four basic questions, which are grouped and briefed as follows: (1) lack of evidence showing negligence on the part of appellant; (2) error of the court in receiving evidence that others had fallen in the store; (3) lack of evidence showing duty; and (4) error of the trial court in instructing the jury that they could consider the value of diminished earning capacity of Mrs. Bozeman in awarding damages and as a result the damages were excessive.

The evidence shows that the floor of the appellant's store was constructed of either inlaid or asphalt linoleum. Traditionally, it had been the practice of the employees of the store to clean the floor each Saturday night after the store had been closed. In the process of cleaning the floor, it first was scrubbed with water and detergents, following which the employees used a machine to scrubb off any accumulations of old wax and dirt. After this had been completed, a solution of wax and water was applied by the use of a mop. The amount of water used in the solution determined the amount of wax applied to the floor and whether the wax would cake upon the floor so that it would be slick. After the application of the wax and water, the floor was then allowed to dry over Saturday night and Sunday and on the following Monday morning, the floor was buffed in order to make a high gloss. This same procedure was followed on the Saturday night preceding Mrs. Bozeman's injury; however, on this particular occasion the store remained closed on the following Monday (January 2nd) because of the New Year holiday. Tuesday, January 3rd, was the first day the store had been open for business after the application of the wax on the previous Saturday night. The employees who regularly did the buffing were off duty when the store opened on Tuesday and Mr. Wallesch and his assistant buffed the floor. On the remaining days of the week, it was the practice to apply a sweeping compound containing a light oil base and then to sweep the floor with a broom or mop after which it was buffed. The same procedure was followed on Wednesday morning, January 4th, prior to Mrs. Bozeman's fall.

Mrs. Bozeman, who was 60 years of age, testified that on the day of her fall she had entered the store for the purpose of purchasing groceries. According to her testimony, she had been a frequent visitor in the store and had never had any previous trouble in walking on the floor, and on the occasion of this visit noticed nothing out of the ordinary.

Upon entering the store she testified that she was walking in a normal manner, wearing leather shoes with a three-fourth-inch heel. After she had walked a distance of approximately six to eight feet, she said she felt her left foot suddenly slip forward on something which was very slick, causing her to fall to the floor with great force, with the weight of her body falling upon her

right leg and ankle and that she immediately suffered severe pain in her right leg, ankle and hips. She further testified that neither before nor after she fell did she notice any debris or any other type of foreign object upon the floor, nor could she detect any dampness; however, she said that she felt of the floor at the place of her fall and it was "slick as glass." After she had fallen, Mr. Wallesch, the store manager, came to her aid and after a brief discussion with her he summoned an ambulance and she was immediately confined to the hospital.

In addition to verifying the facts set forth hereinabove relating to the manner of maintenance of the floor, Mr. Wallesch testified that he went to Mrs. Bozeman immediately after she had fallen and found her on the floor in a sitting position. Her hose were torn and her ankle was skinned and bleeding. After a brief conversation with her, he directed one of the employees to call an ambulance. He testified that he made an inspection of the floor, but failed to find any debris or any other foreign object on the floor which could have caused her to fall; however, he testified that he did find a 14- to 16-inch skid mark on the floor where her shoe had slipped. The skid mark, he testified, went through the wax and oil on the floor. On being questioned with regard to the slippery quality of the material which had been applied to the floor, he testified that if the floor sweeping compound containing the oil base was applied upon the waxed floor in excessive amounts, it would cause the floor to be slick and he also testified that if an excessive amount of wax was placed in the wax-water solution used in waxing the floor it would cause the wax to cake and thus cause a slick place on the floor. Over the objection of the appellant, he was permitted to testify that on two previous occasions he himself had slipped and fallen upon the floor and that he had also received reports of others who had fallen in the store, although not at the same place Mrs. Bozeman fell.

Mr. Bozeman testified that immediately after Mrs. Bozeman had fallen in the store the store manager called him and advised him that she had been injured in a fall in the store and had been sent to the hospital in an ambulance; that upon receipt of this information he immediately went to the hospital where he found her in the emergency room, and while there he observed her left shoe and found an oily, slick substance on the sole and heel; that upon examining the substance with his hands, it was slick and it appeared to be a dirty brown kind of wax.

Appellee produced medical testimony showing that as a result of the fall Mrs. Bozeman received a fractured distal of the lower one-third of the right fibula or the small bone which goes into the ankle. As a result of the fracture, it was necessary that her foot and leg be placed in a cast for a period of six weeks. She also received a contusion or a sprain of the right ankle joint, knee and hip, all of which injuries required her to be confined in the hospital for a period of approximately thirty days. Her physician testified that as a result of her injuries she had developed a traumatic arthritic type of condition which had caused partial disability and that it was his opinion that such condition was chronic and would be of long standing.

It is without dispute that at the time Mrs. Bozeman fell, she was an invitee on the premises. It is also without dispute that the appellant's employees regularly applied a solution of wax and water upon the floor each Saturday night, and that on the following business days they regularly applied a sweeping compound containing a light oil base before buffing the floor. Appellant denies, however, that the application of wax and sweeping compound was improperly applied or caused the floor to become slick and dangerous.

 The law in this state relative to the care to be exercised by a shopkeeper or a proprietor of a business is that the shopkeeper or proprietor is not an insurer of the safety of the premises, but that he is obligated to exercise reasonable care to keep the premises in a safe condition for his

customers and others whom he invites to enter his premises. Liability may not be imposed by the mere fact that one falls and is injured in his place of business. Liability can be predicated only upon a showing that the shopkeeper or proprietor has been negligent and such negligence must be predicated upon what he should have anticipated and not merely what happened. Furthermore, he is charged with the duty to keep and maintain his premises, including the floors, in a reasonably safe condition, for those walking thereon, and to warn of any danger, known or imputable to him that may arise from the use rightfully made by an invitee. H. F. Hohlt Co. v. Routt, (Tex.Civ.App.), 48 S.W.2d 386; Russell v. Liggett Drug Co., (Tex.Civ.App.), 153 S.W.2d 231; Western Auto Supply Company v. Campbell, Tex., 373 S.W.2d 735; 40 Tex.Jur.2d, par. 72.

It is well settled that the waxing or oiling of floors by business houses, offices and shopkeepers is a necessary and customary practice, is not negligence per se. Rogers v. Collier, (Tex.Civ.App.), 223 S.W. 2d 560. A party injured by falling on a waxed floor must go further and establish negligence, either in the waxing and cleaning of the floor, or show that after it had been waxed or cleaned, the floor was left in a different condition than would have otherwise resulted from proper waxing or oiling, and that an unusual or dangerous condition was thus created and such condition had existed for a reasonable length of time as to charge the owner with knowledge thereof. Western Union Tel. Co. v. McDavitt, (Tex. Civ.App.), 257 S.W.2d 319; Barclay v. Montgomery-Ward & Co., (Tex.Civ.App.), 269 S.W.2d 445; Wagner v. Lone Star Gas Company, (Tex.Civ.App.), 346 S.W.2d 645; S. H. Kress & Co. v. Hall, (Tex.Civ.App.), 154 S.W.2d 278; S. H. Kress & Company v. Telford, (5th Cir.), 240 F.2d 70; 40 Tex. Jur.2d, par. 72, p. 565; Phelps v. Montgomery Ward & Co., 231 Mo.App. 595, 107 S.W.2d 939; First Federal Savings & Loan Ass'n v. Wylie, Fla., 46 So.2d 396; 63 A.L. R.2d 591.

There is, however, authority for the proposition that where a dangerous condition upon a floor is created by the servants and employees, a corporate defendant would have notice thereof as a matter of law and hence proof of knowledge thereof, either actual or constructive, is not necessary. The Fair, Inc. v. Preisach, (Tex.Civ.App.), 77 S.W.2d 725; Barclay v. Montgomery-Ward & Co., supra.

As we view the jury's verdict, it amounts to a finding that the appellant's employees applied an oil and wax substance to the floor which caused the floor to be slick, and that such substance had been on the floor long enough for the appellant and its employees to have known of it and their failure to remove the slick substance amounted to a failure to use ordinary care in the maintenance of the floor which was a proximate cause of the injury. In this connection, it will be noted that the finding that appellant applied wax or oil on the floor is not confined only to that which was applied on the Saturday night preceding the injury, but apparently applies as well to all previous occasions on which the wax and oil were applied.

Appellant strenuously maintains that there was no evidence, or at least insufficient evidence, to show negligence on appellant's part in the maintenance of the floor. The pleadings show that the gist of the cause of action against the appellant was based upon its failure to maintain the floor in a condition reasonably safe to accommodate its customers. The appellee's proof, when viewed in a light most favorable to the verdict and judgment, shows that appellant's employees consistently placed wax upon the floor and then treated it with a sweeping compound containing oil which caused the floor to be slick and that Mrs. Bozeman's left shoe skidded a distance from 14 to 18 inches through a wax and oil substance which caused her to fall and that an oil and wax-like substance was found on her left shoe; that appellant had notice that the manner in which the floor was maintained caused it to be unusually slick and danger-

ous because Mr. Wallesch, the store manager, had himself fallen on the floor on two previous occasions and had received reports of others who had fallen on the floor; that the floor throughout the building had always been maintained in practically the same general condition. We believe this evidence and the other evidence hereinabove set forth would be sufficient, circumstantially at least, to create a fact issue for the jury to determine whether the appellant's employees created a dangerous condition, of which they knew or should have known and whether their failure to take affirmative action to remove the dangerous condition or to warn the customers of such condition was negligencee and the proximate cause of the injury. It follows that the contention of the appellant that the judgment is not supported by the evidence, or is against the overwhelming weight and preponderance of the evidence, is not well-founded.

■■■ Appellant insists that the trial court erred in admitting testimony showing that the store manager had fallen upon the floor on two previous occasions, and that he had also had reports of others who fell because it was not shown that such were in the same place as where Mrs. Bozeman fell and were not shown to have occurred under substantially the same conditions. As we view the record, appellee's complaint is not based solely upon negligence in applying the wax or oil in any specific place upon the floor, but is based upon the manner in which this was done and the manner in which the floor was traditionally kept and maintained throughout the store generally. According to appellee's contention, the application of wax, followed by a daily application of an oily sweeping compound, created a dangerously slick floor generally which was an improper method of maintenance which, on several occasions, had caused others to slip and fall. Mr. Wallesch testified that he knew the floor was slippery and that he had observed the very same type of marks as those made by Mrs. Bozeman where other customers had fallen upon the floor. We

think this evidence shows a substantial similarity of conditions.

Evidence of similar accidents from the same inanimate cause is admissible to prove that the common cause was dangerous or likely to cause such accidents; that the person responsible for it was aware of its dangerous character or tendency to cause such accidents; that it caused the accident in question. Brockman v. J. Weingarten, Inc., Tex.Civ.App., 115 S.W.2d 753, affirmed 134 Tex. 451, 135 S.W.2d 698.

Appellant's Points 15 through 19 contend that as a matter of law the condition of the floor was open and obvious, and that Mrs. Bozeman voluntarily exposed herself to the risk and failed to keep a proper lookout, and in the alternative that the findings by the jury made to the contrary is against the overwhelming weight and preponderance of the evidence.

It is undeniable, of course, that the floor itself was open and obvious to Mrs. Bozeman, but it is not undeniable that the slippery or dangerous condition of the floor was open and obvious to her. The floor presented no appearance of danger on the surface. The testimony of the store manager shows that the condition of the floor could not have been ascertained without an inspection. The testimony of Mrs. Bozeman shows that she was walking slowly and making the usual observations made by any customer entering a store for the purpose of shopping.

The burden of proof was upon the appellant to establish the alleged contributory negligence as well as the defense of assumption to an open and obvious risk. There is nothing to show that Mrs. Bozeman either knew or should have known of the slippery condition of the floor and we discern nothing in the record raising the issue of assumption of the risk. Nor was her conduct on the occasion in question such that we can say, as a matter of law, that she was guilty of contributory negligence.

It is elementary that the question of contributory negligence is generally, by reason of the very nature of the defense, one of fact for the jury. In order that an act shall be deemed negligence per se, it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it. Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357.

The record does not compel the conclusion that Mrs. Bozeman was guilty of contributory negligence or that she assumed the risk of an open and obvious danger as a matter of law, nor can it be said that the jury's verdict on these issues is against the overwhelming weight and preponderance of the evidence.

By the remaining Points 23, 24 and 25, the appellant complains of one of the instructions given by the court in connection with the issue on damages. The instruction in question is attacked because it authorizes the jury to consider elements of damages which, it is claimed, had no support in the evidence; viz., the past and future loss of earning capacity of Mrs. Bozeman. And because the jury was authorized to consider these elements, the damages assessed by it are attacked as being excessive.

In this connection, the evidence shows that Mrs. Bozeman had regularly assisted her husband in the operation of a service station since 1955. She kept the books, acted as cashier, made the bank deposits and otherwise assisted her husband in the operation of the business. She was confined for a period of approximately six weeks. After recovering from the fracture, she testified that she had been unable to perform some of her duties because of swelling and pain in her ankle. We believe this testimony was sufficient to raise an issue for the jury as to whether she had the capacity to work and earn money and whether, as a result of the injury, she suffered a loss in her earning capacity.

In addition, we think appellant waived the right to complain of the court's charge in this respect.

Appellant's objection to the instruction on diminished earning capacity was made on the ground that the instruction did not confine the jury's deliberation to damages sustained by the plaintiffs as a result of the accident. It was not until appellant filed a motion for a new trial that the appellant complained of the insufficiency of the evidence to support the instruction.

Although Rule 279, Texas Rules of Civil Procedure provides that "A claim that the evidence was insufficient to warrant the submission of any issue may be made for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party.", the quoted portion of the rule obviously has reference to those instances where there is no evidence to require or to justify the submission of a particular issue at all, and not to an instance such as this, where there was evidence to warrant submission of the issue but possibly none to warrant consideration of particular elements of damage which the charge authorized the jury to consider.

Objections to the court's charge come too late when made for the first time after verdict. Rule 272, T.R.C.P.

If it was in fact the appellant's purpose to object to the charge for the reason assigned in the motion for a new trial and now assigned on appeal, appellant failed to point out distinctly in the objection the grounds for the objection as required by Rule 274, T.R.C.P., and therefore waived the right to complain. Hicks v. Fredericks, (Tex.Civ. App.), 286 S.W.2d 315; Dallas Transit Company v. Tolbert, (Tex.Civ.App.), 337 S.W.2d 617.

By failing to object to the instruction authorizing the consideration of the elements of damages which are claimed to be without support in the evidence, appellant

thereby waived the right to complain of excessive damages by reason thereof. Points 23, 24 and 25 are accordingly overruled.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.