EILEEN THOMAS, Plaintiff and Respondent, v. CARL WHITESIDE, Defendant and Appellant.

No. 11154.
Submitted November 9, 1966. Decided December 21, 1966.
421 P.2d 453.
See also 148 Mont. 394 421 P.2d 449.

Wiggenhorn, Hutton, Schiltz & Sheehy, Billings, John C. Sheehy (argued), Billings, for appellant.

Colgrove & Brown, Miles City, Hughes & Bennett, Helena, Roland V. Colgrove (argued), Miles City, Michael J. Hughes (argued), Helena, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment entered on a jury verdict of $12,550 awarded for personal injuries sustained in an automobile collision.

When the plaintiff-respondent was injured she was a passenger in an automobile driven by her husband, James Thomas, who was also injured and brought a separate action against the defendant-appellant, Carl Whiteside. Both cases were appealed, briefed and argued as companion cases. Reference should be made to the case of Thomas v. Whiteside, Cause No. 11141, 148 Mont. 394, 421 P.2d 449, for the facts surrounding the collision and the specifications of error.

Respondent's principal injury was fractured bones and damage to the soft tissue in her left foot. Her testimony was that she suffered pain, stiffness, and reduced ability to support weight that became more acute with time. Medical testimony confirmed the respondent's testimony concerning her difficulty and in addition brought out the fact that the condition was permanent and would become worse because traumatic arthritis is the invariable result of this type of injury. Respondent's doctor concluded that the injury resulted in an approximate five percent functional disability.

Appellant's specifications of error are in substance identical to those made in the appeal of the damages awarded to James Thomas. However there is one factual difference that requires further discussion. The principal objection made to the instructions that would allow James Thomas to be compensated for loss of earning capacity was that there was very little evidence of his actual earnings after the accident. In that case

we held that the proper measure of damages for a diminished earning capacity was not the difference in actual earnings before and after the injury. The award to Eileen Thomas presents a somewhat different problem because the evidence of her earning capacity prior to the injury is materially minimized as compared to her husband's as a result of her long standing as an unsalaried housewife. Therefore, the additional issue raised is whether Eileen Thomas ever established what her earning capacity was prior to being injured.

Respondent's work history is brief. During the 1930's after graduating from high school she worked as a tray carrier, laundress, and cook. After that she worked for about five years as a receptionist for a medical doctor and was paid something in excess of $200.00 per month. During 1945 respondent left her employment as receptionist and married. Ever since being married, respondent has spent her life living on a farm with her husband doing the ordinary duties of a housewife and in addition other chores such as helping with livestock, hauling hay and fencing. It does not appear that respondent has had any employment during the last 20 years for which she received a salary, as such.

The first question raised with respect to proof of a prior existing earning capacity is whether the uncompensated performance of the ordinary duties of a housewife can be considered as a part thereof. In Risken v. Northern Pacific Ry. Co., 137 Mont. 57, 350 P.2d 831, it was held that it was proper to compensate an injured woman for her inability to carry out her household duties, and to lead a normal life.

The evidence in this case is that the respondent has held gainful employment in the past and that she helped her husband with his work. The past employment coupled with the evidence of respondent's active life until the injury is sufficient for the jury to find an earning capacity existing at the time of the injury. As heretofore indicated, the jury could consider the fact that respondent helped her husband with his work as

evidence of an existing earning capacity. Safeway Stores Inc. v. Bozeman, (Tex.Civ.App.)˙ 394 S.W.2d 532.

The medical testimony in this case concerning the physical impairment caused by the injury is detailed and sufficient for a jury to find that the respondent's established earning capacity has been diminished.

All of the remaining specifications of error are discussed in Thomas v. Whiteside, Cause No. 11141. 148 Mont. 394, 421 P.2d 449, supra.

Finding no reversible error the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, CASTLES and ADAIR, concur.