**Danny Ray HARVILLE, Appellant,**

v.

**Solomon E. SIEBENLIST, Appellee.**

**No. 8981.**

Court of Civil Appeals of Texas, Amarillo.

May 30, 1979.

Rehearing Denied June 20, 1979.

Stokes, Carnahan & Fields, Thomas D. Farris, Amarillo, for appellant.

Lemon, Close, Atkinson, Shearer & McCutcheon, Otis C. Shearer, Booker, for appellee.

DODSON, Justice.

Plaintiff Solomon Siebenlist sued Danny Ray Harville for personal injuries, property damage, and exemplary damages arising out of an automobile accident. The trial court rendered judgment based on jury findings for plaintiff. Defendant appeals. Reversed and remanded.

The accident occurred on a misty Sunday afternoon, March 27, 1977, in Follett, Texas. It is undisputed that the streets were slick. Defendant was driving around town in his 1976 Pontiac TransAm automobile equipped

with a four speed transmission and a 455 cubic inch engine. Plaintiff's grandson testified that he had seen defendant twice within the thirty minutes prior to the accident speeding and gunning his car. Immediately before the collision defendant proceeded south on Main Street, made a u-turn, and accelerated as the car came out of the turn. The rear end of the car slid to the right, the front end to the left, and defendant lost control of his car. He took his foot off the accelerator and attempted to control the car without braking. He hit the rear end of plaintiff's parked car in which plaintiff was sitting. The impact knocked plaintiff's car into another car parked immediately to the north.

The speed of defendant's car immediately before impact is disputed. Defendant testified that he was not going over fifteen miles per hour. Plaintiff and his grandson, a witness, testified that defendant was going about forty miles per hour. Defendant testified that he had been taught that the brakes should not be applied during a skid.

The jury found that specified acts or omissions by defendant constituted negligence, that each of these acts or omissions was a proximate cause of the occurrence in question, and that plaintiff incurred actual damages totaling $5,414.15. The jury further found that defendant operated his vehicle in a heedless and reckless disregard of the rights of others and that this action was a proximate cause of the accident. Based on this finding of gross negligence, the jury awarded exemplary damages of $10,000.

Defendant does not question the findings of ordinary negligence or the award of actual damages. He attacks the legal sufficiency of the evidence to support the submission of the gross negligence issue, the alleged global submission of the gross negligence issue, the legal and factual sufficiency of the evidence to support the jury findings of gross negligence and exemplary damages, and the submission of an allegedly erroneous exemplary damage issue.

## GROSS NEGLIGENCE

■ "Heedless and reckless disregard," or gross negligence, has been defined as

that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it. *McPhearson v. Sullivan*, 463 S.W.2d 174 (Tex.1971); *Harbin v. Seale*, 461 S.W.2d 591, 592 (Tex.1970); *Missouri Pac. Ry. Co. v. Shuford*, 72 Tex. 165, 10 S.W. 408, 411 (1888). In determining whether a given act is so far heedless or reckless as to constitute gross negligence, the court must look to the surrounding conditions and circumstances at the time and place the act was committed. *Harbin v. Seale, supra*, at 593; *Fancher v. Cadwell*, 159 Tex. 8, 314 S.W.2d 820 (1958).

■ Defendant plead guilty to a complaint stemming from the accident which stated, in part, that he unlawfully drove "a vehicle, to-wit, 1976 Pontiac Transam automobile, *in a willful or wanton disregard of the rights or safety of others, at a speed so as to endanger, or which was likely to endanger persons or property,* against the peace and dignity of the State" (emphasis added). "Willful or wanton disregard" has been defined as an act done with the specific intention to injure the person that was injured, or an act done with such utter recklessness as to indicate a disregard of consequences. This definition encompasses "heedless and reckless disregard." Thus, the plea of guilty is an admission of heedless and reckless disregard of the rights or safety of others with regard to the speed at which defendant operated his vehicle. *See Isaacs v. Plains Transport Co.*, 367 S.W.2d 152, 153 (Tex.1963).

■ In addition to the admission, there was testimony that defendant was traveling approximately forty miles per hour immediately before impact, that the accident occurred on an afternoon in March on Main Street in Follett, and that the streets were slick due to misting rain. Where an issue has some support in the evidence, although the great weight and preponderance of the evidence may be the other way, the trial

judge may not refuse to submit the requested issue. *Gulf, C. & S. F. Ry. Co. v. Deen,* 158 Tex. 466, 312 S.W.2d 933, 937, *cert. denied,* 358 U.S. 874, 79 S.Ct. 111, 3 L.Ed.2d 105 (1958). We conclude that the evidence raises the issue of gross negligence with regard to the speed at which defendant operated his vehicle.

## GLOBAL SUBMISSION

Plaintiff plead, and the jury found, that defendant was negligent in his acceleration, in his speed, in failing to keep his vehicle under proper control, in failing to apply his brakes, in failing to direct his vehicle so as to avoid the collision, in failing to keep his vehicle completely within the right half of the roadway, and in driving in willful and wanton disregard for the safety of persons and property. The jury further found each of these acts or omissions to be a proximate cause of the occurrence in question.

Plaintiff plead that defendant was grossly negligent in propelling his automobile with excessive acceleration, at an excessive rate of speed, and in failing to brake his car. The evidence raised the issue of gross negligence only as to speed.

The trial court submitted gross negligence in the following manner:

Do you find that the manner in which Danny Ray Harvill (*sic*) operated his vehicle on the occasion in question was a heedless and reckless disregard of the rights of others affected by it?

"Heedless and reckless disregard" means more than momentary thoughlessness, inadvertance, or error of judgment. It means such an entire want of care as to indicate that the act or omission in question was the result of conscious indifference to the rights, welfare, or safety of the persons affected by it.

Answer: "We do" or "We do not."

Defendant properly objected to this broad submission.

As submitted, this issue did not restrict the jury's determination of gross negligence to a specific act plead which was raised by the evidence. The jury was allowed to make its own determination of what it considered to be gross negligence. This is contrary to the Texas Rules of Civil Procedure which provide that special verdict submissions shall be only upon controlling issues that are raised "by the written pleadings and the evidence." Tex.R.Civ.P. 277, 279.

In *Scott v. Atchison, T. & S. F. R. Co.,* 572 S.W.2d 273, 277 (Tex.1978), the Court stated:

Under Rule 277, the trial court has the discretion to submit an issue broadly, including the combination in one issue of several acts or omissions which may be alleged to constitute negligence. *However, when one or more pleaded acts or omissions are unsupported by evidence and the record contains evidence of other possible negligent acts or omissions which were not pleaded, failure to limit the broad ultimate fact issue to acts or omissions which were raised by both pleadings and proof violates Rule 277 and is error* (emphasis added).

In the case at bar, plaintiff's petition alleged that defendant was grossly negligent in the operation of his vehicle in three regards. The evidence raised the issue of gross negligence only with regard to the speed at which defendant operated his vehicle. Furthermore, plaintiff plead, the evidence supported, and the jury found that defendant was negligent in seven distinct acts or omissions, each being a proximate cause of the occurrence in question. Under these circumstances, the trial court erred in broadly submitting the gross negligence issue over defendant's proper objection. In view of the wide variance between the pleadings and unplead facts and circumstances from which the jury could have inferred that defendant was grossly negligent, such error was reasonably calculated to and probably did cause the rendition of an improper judgment. Tex.R.Civ.P. 434; *see also Scott v. Atchison, T. & S. F. R. Co., supra.*

In summary, we sustain Harville's fifth point of error challenging the global submission of gross negligence. Our view of

this point is dispositive of this appeal; therefore, we deem it unnecessary to further discuss Harville's remaining points. Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.