**Danny Ray HARVILLE, Appellant,**

v.

**Solomon E. SIEBENLIST, Appellee.**

**No. 8981.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 26, 1980.

---

Stokes, Carnahan & Fields, Thomas D. Farris, Amarillo, for appellant.

Lemon, Close, Atkinson, Shearer & McCutcheon, Otis C. Shearer, Booker, for appellee.

## ON REMAND

DODSON, Justice.

In our initial opinion in this case we determined that Siebenlist's gross negligence cause of action against Harville should be reversed and remanded for new trial because the trial court erroneously submitted a global gross negligence issue. *Harville v. Siebenlist,* 582 S.W.2d 621 (Tex. Civ.App.–Amarillo 1979), *rev'd,* 596 S.W.2d 113 (Tex.1980). Disagreeing with and reversing our determination on the global submission issue, the Supreme Court remanded the action to this court for a determination of Harville's factual insufficiency challenge to the jury's affirmative finding on the gross negligence issue.

■ In deciding Harville's factual insufficiency challenge we must review all of the evidence in support of and contrary to the challenged finding to determine if such finding is so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *Parrish v. Hunt,* 160 Tex. 378, 331 S.W.2d 304, 305–06 (1960); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (Per Curiam). The evidence in support of and contrary to the jury's finding on the gross negligence issue is set forth in the initial opinion of this court. 582 S.W.2d at 622–623. We deem it unnecessary to reiterate evidence in this opinion. Thus, having reviewed the evidence under the appropriate legal standard stated above, we conclude that the jury's answer to the challenged gross negligence issue is not so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. Accordingly, we overrule Harville's factual sufficiency challenge.

In reviewing the record in this case, we observe that this court has not previously passed on Harville's sixth point of error in his original brief filed in this court. In this point of error, he maintains that the trial court erred in submitting the exemplary damage issue and the instruction thereto because the instruction permits the jury to consider attorney's fees and costs of court when there is no evidence of such attorney's fees or costs of court.

■ In the trial court Harville objected to the exemplary damage issue on grounds

that there is no evidence to support the submission of the issue. However, he made no specific objection to the explanatory instruction given by the Court in relation to this issue. Rule 272 of the Texas Rules of Civil Procedure requires that objections to the charge be in writing, or dictated to the court reporter presented to and ruled on by the judge before the charge is read to the jury and that "[a]ll objections not so presented shall be considered as waived." Rule 274 of the Texas Rules of Civil Procedure provides, in part:

> A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections.

Moreover, where the evidence raises the damage issue and some, but not all, of the elements stated in the instruction related to such issue, and there is no objection to the instruction, then any alleged error in the instruction is deemed waived. *Safeway Stores Inc. v. Bozeman*, 394 S.W.2d 532, 539–40 (Tex.Civ.App.–Tyler 1965, writ ref'd n. r. e.); *Hicks v. Fredericks*, 286 S.W.2d 315, 317 (Tex.Civ.App.–Beaumont 1955, no writ).

█ In this instance, there is evidence of probative force to warrant the submission of the exemplary damage issue and some of the elements of damages set forth in the accompanying instruction to such issue. Thus, assuming arguendo that there is no evidence of attorney's fees and expenses of litigation, in the absence of a specific objection to the instruction on such grounds in the trial court, the alleged error in the instruction is deemed waived. *See Safeway Stores, Inc. v. Bozeman, supra,* at 539–40; *Hicks v. Fredericks, supra,* at 317. Accordingly, we overrule Harville's sixth point of error.

In conclusion, we affirm the judgment of the trial court.

COUNTISS, J., not participating.