## RAY v. RUSHIN.
### No. 2879.

Court of Civil Appeals of Texas. Waco.
Nov. 23, 1949.

Bowlen Bond, Teague, for appellant.

W. W. Mason, Mexia, Ellen Victery, Teague, for appellee.

LESTER, Chief Justice.

This appeal is from a judgment in the sum of $400 rendered in favor of the appellee against the appellant as the result of the alleged negligence of his agent, Leroy Ray, who at the time was operating appellant's truck with trailer attached when it collided or ran into appellee's wagon from the rear.

The case was submitted to the jury upon special issues and they found Ray guilty of negligence, which proximately caused the injuries and damages complained of, and also found the appellee guilty of contributory negligence in several respects.

After the verdict of the jury was returned both parties filed their respective motions asking the court to enter judgment in their favor based upon the verdict of the jury as returned. The court granted appellee's motion and entered judgment in his favor.

Evidently the only theory the court adopted in entering judgment for the appellee in the face of the many findings of contributory negligence upon the part of appellee, and this theory is the only one advanced by appellee, was based upon the following findings of the jury: In answer to Special Issue No. 1 they found that Ray discovered the wagon belonging to the appellee a sufficient distance to have, by the use of ordinary care, stopped the truck he was driving without hitting the wagon. In answer to Special Issue No. 30 they found that Ray was negligent in not bringing his truck under such control that he could stop his truck without running into the wagon driven by the appellee. To Special Issue No. 31, that such negligence was the proximate cause of the collision in question. To Special Issue No. 32 they found that immediately before the collision in question the appellee was in a position of peril. To No. 33 they found that Leroy Ray discovered the perilous position of the appellee prior to the collision in question. To Special Issue No. 34 that Ray placed appellee in such perilous position by his failure to have his truck under such control that he could have stopped same without running into the wagon driven by the appellee; and to No. 35, that such failure was the proximate cause of the collision in question.

The findings of the jury that the appellee was in a position of peril immediately prior to the collision, and that Ray discovered such perilous position, and the further finding that Ray placed the appellee in such perilous position by his failure to have his truck under such control that he could stop same without running into the wagon driven by appellee and that such failure was a proximate cause of the injuries complained of, would not be sufficient to vitiate the findings of the jury of contributory negligence upon the part of the appellee. In the first place, the doctrine of discovered peril was not pleaded; and secondly, the court did not submit to the jury all of the material elements of discovered peril, but only submitted whether or not the appellee was in a position of peril immediately before the collision and whether or not Ray discovered such perilous position. The appellant was not willing for the court to make a finding upon the unsubmitted constituent elements of discovered peril but he prepared in writing special issues embodying the necessary component parts of the doctrine which the court had failed to submit and requested that

they be submitted so that the jury could make a finding thereon, but the court refused to submit them. Under such circumstances, the court did not have the right to make such finding. See Rule 279, Texas Rules of Civil Procedure, Wichita Falls & Oklahoma R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. Therefore there are no proper findings establishing the other necessary elements of this doctrine, and without such findings the appellee was not entitled to have judgment rendered in his favor since the jury found he was also negligent and that his negligence was a proximate cause of the collision and damages sustained by him.

 The case is before us without a statement of facts and the general rule is that every reasonable presumption should be indulged in to support the judgment, but this presumption is indulged only where the record fails to show error. Letot v. Peacock et al., Tex.Civ.App., 94 S.W. 1121; Rogers v. City of Fort Worth, Tex.Civ. App., 275 S.W. 214; 3 Tex.Jur. p. 1070, sec. 753. After the verdict of the jury appellee filed his motion in which he requested the court "to enter judgment for him based upon the verdict of the jury as returned in this cause on the 19th day of May, 1949", and the judgment of the court provides: "and upon the 28th day of June the court entered judgment for the plaintiff based upon the above and foregoing verdict of the jury." There was no motion filed by either party for judgment non obstante veredicto and no request that the answers to any of the issues be disregarded by the court for the reason that they did not have sufficient evidence in the record to sustain them, but both parties filed a motion for judgment based upon the verdict of the jury. In view of the findings of the jury, the motions filed by both parties and the stipulation in the judgment that it was entered "based upon the above and foregoing verdict of the jury", reveals without doubt that the court did not disregard any of the findings of the jury but accepted the verdict as a whole in entering his judgment. Therefore, the record reflects error upon the part of the court in entering judgment

for the appellee since the jury found appellee guilty of contributory negligence.

Instead of reversing and rendering judgment for the appellant, we believe that the interests of both parties can be better preserved by reversing and remanding the cause, with instructions to the trial court to enter judgment for the appellant, which is hereby ordered. By adopting this course, after the judgment is entered the appellee will have a right to file a motion for new trial, which he would be deprived of if the cause should be reversed and judgment rendered.

Reversed and remanded with instructions.