**Edgar T. BURCH et al., Appellants,**

v.

**SOUTHWEST TITLE COMPANY et al., Appellees.**

**No. 14852.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 28, 1970.

Rehearing Denied Feb. 25, 1970.

Howard Jefferson Gibbs, Joe A. Morgan, El Paso, for appellants.

Scott, Hulse, Marshall & Feuille, J. Sam Moore, Jr., Mayfield, Broaddus & Perrenot, El Paso, for appellees.

BARROW, Chief Justice.

Appellants, Edgar T. Burch and Sun City Apartments, Inc., appeal from the judgment entered on a jury verdict whereby appellees, Foster T. Corporation, James A. Keller and Stuart O. Van Slyke, recovered the sum of $25,000.00 interpleaded into the registry of the court by appellee Southwest Title Company. Appellee Southwest Title was awarded a reasonable attorney's fee in the amount of $1,850.00, which was ordered paid from the interpleaded funds. All other costs were taxed against appellants jointly and severally.

Appellants assert six points of error. Points 1–5 complain of the alleged error of the trial court in submitting Special Issues 2, 3, 5, 6 and 8, respectively, in the "manner and form" each was submitted. Their sixth point complains of the trial court's refusal to submit an issue on exemplary damages on behalf of Burch against Southwest Title for allegedly converting his assets. Appellees urge, by their first reply point, that since neither appellant filed a motion for new trial appellants waived their right to complain on appeal of such alleged errors. Rules 324, 374, Texas Rules of Civil Procedure; Appellate Procedure in Texas, § 8.2. Appellants by supplemental brief point out that such reply point should be overruled as to appellant Burch, in that he filed a motion for judgment non obstante veredicto and therefore was not required to file a motion for new trial.

■ Rule 324, supra, authorizes an appeal on the grounds stated in the motion for judgment non obstante veredicto without the necessity of incorporating the grounds in a motion for new trial. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 890 (1960). A jury's answer to a special issue may be disregarded only when it has no support in the evidence, or when the issue is immaterial. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966); Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup. 1965); Rule 301, T.R.C.P.; McDonald, Tex-

as Civil Practice, §§ 17.30–17.32. Complaints as to the manner and form of submitting a special issue are properly preserved, not by motion for judgment non obstante veredicto but by objections to the charge of the court. Rules 272, 274, supra. Special issues must be requested by the procedure set forth in Rule 273, supra, and not by motion for judgment non obstante veredicto.

■■■■ Appellant Burch has no assignment of error asserting that there is no evidence to support a finding of the jury, or that any given special issue is immaterial. Therefore, he has no assignment of error complaining of these matters which are properly predicated by the trial court's refusal of his motion for judgment non obstante veredicto. Under the third assignment of error it is asserted in part, by way of argument, that there is no evidence to support the jury's finding to Special Issue No. 5[1] to the effect that Foster T. Corporation accepted in writing the proposal made by Burch in his letter of November 16, 1967. While we doubt that any of the assignments of error raise such a point, we shall consider Burch's argument under the third assignment of error that there is no evidence to support the jury finding to Special Issue No. 5. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (Tex. Sup.1943); Ballard v. Associates Investment Co., 368 S.W.2d 232 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); Lackey v. Perry, 366 S.W.2d 91 (Tex.Civ.App.—San Antonio 1963, no writ). In doing so, we must consider only the evidence and the reasonable inferences therefrom which support the answer. C. & R. Transport, Inc. v. Campbell, supra.

An "Earnest Money Receipt and Contract of Sale" was entered into on November 9, 1967, by and between Foster T. Corp., Seller, Sun City Apartments, Inc., Purchaser, and Stuart O. Van Slyke on behalf of James A. Keller Realtors, a real estate agent, relating to the Cielo Vista Apartments in El Paso, Texas. Purchaser agreed to pay $800,000 cash, including the earnest money, and to assume an existing first lien mortgage in the approximate amount of $1,536,437.58. As earnest money, purchaser agreed to contemporaneously deliver to appellee Southwest Title Company, the escrow agent, a letter of credit in the amount of $25,000 issued by the Republic National Bank of Dallas or any other bank approved by Seller. The sale was to be closed by December 31, 1967, and the agreement further provided that if purchaser refused to timely complete his part of the contract, the earnest money should be forfeited and divided equally between seller and the real estate agent. Sun City Apartments, Inc., was a corporation formed by William A. Carr, Jr., for the purpose of purchasing this apartment complex, and this corporation was represented in the negotiations relating to this contract by Ray Russell. Russell worked for Carr in several business ventures and admittedly was authorized to represent Sun City Apartments, Inc., at all relevant times involved in this deal. Neither Carr nor Russell was able to secure the $25,000 letter of credit and therefore Carr contacted appellant Burch with whom he had been involved in several other deals. Burch agreed to put up the earnest money, for which he was to receive from Carr 10% of the profits on this deal.

Because of the shortage of time involved, Burch tendered to Southwest Title an as-

[1]. "QUESTION NO. 5.
  Do you find from a preponderance of the evidence that the defendant, Foster T. Corp., accepted in writing, the proposal set forth in the letter of November 16, 1967, as evidenced by plaintiff's exhibit 3?
  Answer 'yes' or 'no'
  By the term 'accepted' as used in this issue, is meant the acceptance of the offer made by plaintiff's exhibit 3, in writing, and communicated to the offeror. You are further instructed that the communication of a written acceptance may be by manual delivery or by deposit in the United States mails, properly addressed and with postage prepaid.
  We answer: Yes."

signment of a savings certificate in the amount of $25,000 at his bank in Clayton, Missouri, in lieu of the letter of credit. This was done by letter of November 16, 1967, to Southwest Title which was signed by both Burch and Russell for Sun City Apartments, Inc. In that letter the time for closing the contract was extended to January 31, 1968. This letter was personally delivered to Southwest Title on November 16, 1967. Mr. Butterworth, who was handling this deal for Southwest Title, believed that such escrow represented a change in the original contract in that it changed the form of earnest money and extended the time of closing. He, therefore, suggested that Foster T. Corp., must agree to these two changes before the escrow would be completed, and he typed an acceptance on the bottom of said letter. It was then mailed to Foster T. Corp. at their office in California for their acceptance. Such acceptance was never executed on this letter. However, by letter of December 5, 1968, copies of which were sent to their El Paso attorney, Southwest Title and the purchaser, Foster T. Corp., agreed to these two changes. The original contract was also returned by Foster T. Corp. with the date for closing changed to January 31, 1968, and initialed by an officer of Foster T. Corp. On December 7, 1967, Southwest Title notified the Clayton Bank of the assignment and sent copies of Foster T. Corp.'s letter of acceptance to all parties to the contract. There is no evidence to rebut the presumption that Foster T. Corp.'s letter of acceptance was received by Russell on behalf of Sun City Apartments, Inc. See Southland Life Ins. Co. v. Grenwade, 138 Tex. 450, 159 S.W.2d 854 (1942). On December 14, 1967, copies of the letters showing completion of the escrow and agreement to the two changes in the original contract were sent by mail to Burch in response to his verbal request, although Burch denied receiving same. In any event, there was no complaint by Burch between December 14, 1967, and January 30, 1968, relative to whether or not the extension had been agreed to by the Foster T. Corp.

In fact, there is evidence that both Burch and Carr tried to secure an additional extension of time for closing the deal on January 31, 1968, and, thereafter, and suggested the difficulty in closing was caused by their misplaced confidence in Russell. Foster T. Corp. was ready, willing and able to close the deal on January 31, 1968.

There was no provision in the original contract, or in the letter of November 16, 1967, requiring an acceptance in writing by Foster T. Corp. of the two modifications on the bottom of Burch's letter. Cf. Simmons and Simmons Construction Company v. Rea, 155 Tex. 353, 286 S.W.2d 415 (1955). Rather, the escrow agent suggested that Foster T. Corp. should accept the modifications in writing. There is more than a scintilla of evidence that such modifications of November 16, 1967, to the original contract were accepted in writing by Foster T. Corp. Appellant Burch's argument that there is no evidence to support the jury finding to Special Issue No. 5 is without merit and overruled.

The judgment is affirmed.