**J. WEINGARTEN, INC., Appellant,**

**v.**

**Clara E. SCOTT et vir, Appellees.**

**No. 370.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 10, 1970.

Rehearing Denied July 8, 1970.

**268**

———◆———

Raybourne Thompson, Jr., Vinson, Elkins, Searls & Connally, Houston, for appellant.

Joe E. Turner, Houston, for appellees.

TUNKS, Chief Justice.

This is a slip and fall case. On October 10, 1963, Mrs. Clara E. Scott, while on the premises of J. Weingarten, Inc., as a customer, slipped and fell when she stepped upon a spot where another customer had dropped a bottle of Pine-O-Pine. Suit was filed by her and her husband against J. Weingarten, Inc. for damages resulting from the injury sustained by her in such fall. Following a trial before a jury the trial court rendered judgment for the plaintiffs. The defendant has appealed.

The questions that often arise in a slip and fall case are not involved here. It is uncontroverted that the defendant knew of the presence of the dangerous condition. The parties apparently did not either in the trial court or here concern themselves with some phases of the usual "no duty" defense. No issues were requested or submitted as to whether Mrs. Scott knew and appreciated the danger confronting her. No objection was made to the charge for failure to submit such issues and no point of error is directed to such failure. It is not suggested that the danger was so open and obvious as to charge Mrs. Scott with knowledge and appreciation. Apparently the parties assumed that the occupier of the premises, knowing of the condition, was under a duty to exercise ordinary care to warn or protect the invitee from the risk of danger. See Halepeska v. Callihan Interests, Inc. (Tex.Sup.Ct.), 371 S.W.2d 368. The only evidence in the record as to any attempt on the part of the occupier to discharge that duty was evidence that the employees of the store placed some cardboard boxes around the substance on the floor and testimony that an employee of the store Elaine Asberry, voiced a warning to Mrs. Scott just before she stepped into the substance.

The problems presented to this Court concern the unusual charge submitted by the trial court at the request of plaintiffs and the defendant's objections to that charge. Particularly significant is the absence of some objections that could have been made. The special issues submitted by the court and the jury's answers thereto were as follows:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that shortly before the occurrence made the basis of this suit, cardboard boxes were not placed around the Pine-O-Pine by employees of J. Weingarten, Inc.?

" 'They were not placed around' " or " 'They were placed around' "

"Answer: They were placed around,"

"SPECIAL ISSUE NO. 2

"Do you find from a preponderance of the evidence that cardboard boxes placed around the Pine-O-Pine was not such a warning as would have been given by a reasonably prudent person in the exercise of ordinary care under the same or similar circumstances?

" 'It was not such a warning' " or " 'It was such a warning' "

"Answer: It was not such a warning,"

Special issues three, four and five were all directly or indirectly predicated upon an answer to special issue no. 2 that "It was such a warning" and therefore were not answered. Number 3 asked if Mrs. Scott did not see the boxes. Number 4 asked if her failure to see was negligence and number 5 asked if such negligence was a proximate cause of her fall.

Special issue number 6 was as follows:

"SPECIAL ISSUE NO. 6

"Do you find from a preponderance of the evidence that immediately prior to the occurrence in question, Elaine Asberry did not voice a timely warning to

Clara Scott?

" 'She did not' " or

" 'She did' "

"Answer: She did not"

Special issues number 7, 8 and 9 were all predicated directly or indirectly upon an answer that "she did" in response to special issue number 6 and, therefore, were not answered. Special issue no. 7 aked if Mrs. Scott did not hear the warning. Special issue no. 8 asked if her failure to hear the warning was negligence and no. 9 asked if such negligence was a proximate cause of her fall.

Special issues no. 10 and 10a were contributory negligence issues on lookout and proximate cause and were answered favorably to the plaintiffs. The other issues were damage issues by which the jury found $800 necessary hospital and medical treatment and $12,700 general damages.

The only objections by the defendant to the charges submitted were the so-called "stock" objections—no evidence, insufficient evidence, against the weight of the evidence and no pleading. Those objections were directed only to special issues 1, 2, 6 and 7. Other objections with reference to the erroneous placement of the burden of proof in certain of the issues and the erroneous conditional submission of special issue no. 10 were apparently corrected before the charge was submitted. The objections to the charge, as submitted, were properly overruled and no point of error as to their being overruled is presented to this Court.

The defendant requested an issue on unavoidable accident which the trial court refused.

It is to be noted that no proximate cause issue was submitted as to the inadequacy of the cardboard boxes as a warning. There was no objection to the charge on the ground that such proximate cause issue was not submitted nor was any such issue requested.

■ Appellant has only two points of error. The first point of error is that the trial court erred in refusing to submit the requested unavoidable accident issue. That issue requested by the defendant was in the usual and proper form. The definition of unavoidable accident included as part of the request, was, however, in the following language: "You are instructed that an unavoidable accident is the happening of an event which occurred without having been caused by the negligence of any party to it." That definition was clearly incorrect because it did not include the element of proximate cause. Dallas Ry. & Terminal Co. v. Bailey (Tex.Sup.Ct.), 151 Tex. 359, 250 S.W.2d 379.

■ It is not reversible error for the trial court to refuse a requested special issue or instruction unless such special issue or instruction, in substantially correct wording, has been requested in writing. Hunt v. Jones, Tex.Civ.App., 451 S.W.2d 943, no writ hist.; Rule 279, Texas Rules of Civil Procedure. "If an issue and the definition of a term used in the issue are requested together, submission of the issue is properly refused if the definition is an incorrect one." Hodges, Special Issue Submission in Texas, Sec. 67, p. 167.

Appellant's first point of error is overruled.

Appellant's only other point of error is in the following language: "The Trial Court erred in entering judgment for Appellees in that there was only a finding as to evidentiary facts which cannot support a judgment."

■ Special issues 1 and 2 requested by plaintiffs, submitted by the court and answered favorably to the plaintiffs, apparently were designed to find whether the defendant had breached its duty to warn Mrs. Scott of the dangerous condition of the floor. A proper method of submitting that question would have been an issue, accompanied with an appropriate instruction, asking if the defendant failed to give an adequate warning of the dangerous condition. Those issues were subject to the objection that they were evidentiary. The controlling question was whether an adequate warning had been given, not whether any particular thing done by the defendant, by itself, constituted adequate warning. Under the evidence in this case the jury could have found that the placing of the boxes around the substance on the floor, together with an oral warning by the employee, constituted adequate warning, though neither of these acts alone constituted such adequate warning. But the defendant did not object to the form of the submission of the warning issue requested by the plaintiffs and used by the court. The objection was, therefore, waived. Rule 274, T.R.C.P.

■ Furthermore, under the peculiar facts of this case, the erroneous submission of the warning issue became harmless. The only evidence as to acts done by the defendant by way of warning related to the placing of the boxes and the calling of the warning by the employee. The jury found, in answer to special issue no. 6, that the employee did not voice a timely warning. The evidentiary support of that finding is not challenged. It is true that the jury's finding that the employee did not voice a "timely" warning "immediately prior" to Mrs. Scott's fall, literally construed, does not necessarily mean that no warning was voiced at any time. However, in the absence of any objection by the defendant we believe that the issue can be treated as an inquiry as to whether the employee voiced a warning in keeping with the defendant's duty to give some warning. Thus the only thing done as a warning was the placing of the boxes. Under those circumstances, the jury's finding that the placing of the boxes did not constitute an adequate warning, was in effect, a finding that no adequate warning was given. This constituted a finding upon an ultimate issue of fact.

■ The duty of the owner or occupier of property is stated in alternative terms. The owner must exercise ordinary care to warn or protect his invitee. If the occupier adequately warns the invitee, then he is under no duty to take further action for the protection of the invitee. Delhi-Taylor Oil Corp. v. Henry (Tex.Sup.Ct.), 416 S.W.2d 390. Thus, in such a case as this the warning issue may serve a dual function. First a finding of adequate warning relieves the occupier of further duty to protect. In regard to this function of the warning issue no proximate cause issue is involved. Halepeska v. Callihan Interests, Inc., supra, 371 S.W.2d at p. 379. Second, a finding of no adequate warning, absent other adequate protection, is a negligent breach of duty to the invitee. See Ellis v. Moore (Tex.Sup.Ct.), 401 S.W.2d 789. However, before a negligent breach of duty can form a basis for judgment, that negligence must be a proximate cause of injury. Here the jury has found that the only warning given Mrs. Scott "was not such a warning as would have been given by a reasonably prudent person in the exercise of ordinary care under the same or similar circumstances." There was no objection to the form of that issue. No point of error questions the evidentiary support for such finding. Under the facts of this case that finding is a finding as to one of the cluster of ultimate issues by which the plaintiffs'

ground of recovery for negligent breach of the duty to warn should be submitted. Another of such issues would be a proximate cause issue. There is no issue asking whether the inadequacy of such warning, or the failure to give an adequate warning, was a proximate cause of Mrs. Scott's fall. But there was no objection to the failure to submit a proximate cause issue. Under that situation the trial judge is deemed to have made a finding on the proximate cause issue in support of his judgment. Rule 279, T.R.C.P.

The jury's answer to special issue no. 6 was another finding of an ultimate fact. Findings that the employee failed to voice a warning, that such failure was negligence and that such negligence was a proximate cause of the fall, together with facts showing that Mrs. Scott did not know of and appreciate the danger, would have constituted a ground of recovery by plaintiffs. There was no objection to the failure to submit the negligence and proximate cause issues. Here, too, pursuant to Rule 279, the trial court is deemed to have made findings on the omitted issues of negligence and proximate cause consistent with and in support of its judgment.

The appellant argues that the jury's findings in response to those issues relating to warning will not support deemed findings because they were findings in response to evidentiary issues. As noted above, the issues submitted were capable of eliciting ultimate findings of fact. They were sufficient to put the defendant on notice that their answers, together with deemed findings of negligence and proximate cause, would support a judgment for the plaintiffs on the grounds of negligence with respect to the duty of warning. They were, therefore, sufficient as a basis for a deemed finding of proximate cause. Allen v. American National Ins. Co. (Tex.Sup. Ct.), 380 S.W.2d 604; Panhandle & S. F. Ry. Co. v. Friend, Tex.Civ.App., 91 S.W.2d

922, no writ hist.; Hodges, Special Issue Submission in Texas, p. 206.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.