Harry MILLER, Appellant,

v.

Paul D. CRETIEN et al., Appellees.

No. 17347.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 8, 1972.

Rehearing Denied Jan. 12, 1973.

Trickey & Trickey, and Richard Trickey; Doug Crouch, Fort Worth, for appellant.

Leo Ferris, Fort Worth, for appellees.

## OPINION

LANGDON, Justice.

This is a trespass to try title suit filed by plaintiffs, Paul D. Cretien and T. E. Tomlinson, appellees, against defendant, Harry Miller, appellant. The parties will be referred to as plaintiffs and defendant.

The plaintiffs allege that each of them owned an undivided one-half interest in the east 50 feet of the north 100 feet of Block 21, Edwards Heirs Addition to the City of Fort Worth, Tarrant County, Texas, according to plat filed in Book 63, page 2, Deed Records of Tarrant County, Texas. (Acquisition of the property was by deed dated June 9, 1960.) That on April 21, 1969, the City of Fort Worth, Texas, adopted Ordinance No. 6085 which provided that "the unnamed street located between Blocks 21 and 22 of Edwards Heirs Addition to the City of Fort Worth, Tarrant County, Texas, according to the plat recorded in Vol. 63, page 2, of the Plat Records of Tarrant County, Texas, be . . . closed, abandoned and permanently vacated as a street or public thoroughfare of any kind or character whatever. . . . That the interest of the City of Fort Worth in the fee to the land in said unnamed street is hereby released and shall revert to the adjacent owners of the fee as provided by law."

Plaintiffs further alleged that as a result of the abandonment of the unnamed street, as provided by Ordinance No. 6085, that one-half of the street which is adjacent to the property above described, acquired by them on June 9, 1960, reverted to them as a matter of law. Further, plaintiffs alleged that the defendant was unlawfully in possession of the one-half of the roadway which reverted to them under Ordinance No. 6085 and had been in such unlawful possession since April 21, 1969.

The defendant answered by way of general denial and allegations asserting the plaintiffs' cause of action is barred by the three, five and ten year limitation statutes on actions for land because he has been in peaceable and adverse possession of the land in question for ten, three and five years.

The case was tried to a jury. It found (1) that the Edwards Heirs, at the time they filed the plat of the Edwards Addition of record, intended to dedicate the twenty-five by one hundred foot strip in question as a part of a public street; (2) that the City of Forth Worth accepted the dedication, if any, and (3) the jury found that the defendant did not so hold possession (peaceable and adverse) of the strip in question for any continuous period of ten years or longer prior to June 25, 1969.

On January 14, 1971, the trial court rendered its judgment based upon the jury verdict. This appeal is from that judgment, based upon seven points of error.

We affirm.

■ The appellant by his first point asserts that the court erred in admitting into evidence the plat and dedication of the Edwards Heirs Addition over his objection.

The plat and dedication here involved qualifies as and was admissible into evidence as an ancient instrument, a document that has been in existence for at least thirty years. 23 Tex.Jur.2d, "Evidence," § 276 et seq. It was filed for record more than 83 years ago on Mary 25, 1889, at 11:50 A.M. and recorded June 3, 1889, at what appears to be 9:30 A.M.

According to the certificate of Deputy County Clerk, S. Hardin, the exhibit represents a true and correct copy of Plat and

Dedication from A. S. Creswell et al. to The Public as recorded in Volume 63, Page 2, Records of Tarrant County, Texas. In view of the fact that the exhibit had been recorded in the deed records for more than ten years it was also properly admitted into evidence under the provisions of Art. 3726, Vernon's Ann.Civ.St.

■ The exhibit in question reflected that the land, including the parcel here involved, was platted, dedicated and duly recorded. The defendant held two separate conveyances to the property here involved which referred to the plat and dedication on which the roadway in question was shown. His claim of limitation title was based upon these conveyances. In view of these facts the defendant is charged with knowledge of the existence of the plat and dedication and that the land claimed by him is a public roadway by virtue of such plat and dedication. Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849 (1950).

We overrule defendant's first point.

The second point complains of the admission into evidence of Ordinance No. 6085 over objection.

■ In response to demands for admissions under Rule 169, Texas Rules of Civil Procedure, the defendant admitted that the copy of the Ordinance offered into evidence was a true and correct copy of what was presumably a City ordinance.

According to certificate of Roy A. Bateman, City Secretary of the City of Fort Worth, Texas, Ordinance No. 6085 was duly presented and adopted by the City Council of the City of Fort Worth, Texas, at a regular session held on the 21st day of April, 1969, as same appears of record in Minute Book Y–1, page 247.

Article 1175(18) Vol. 2B, V.A.T.S., authorizes a Home Rule City to vacate, abandon and close streets, alleys, avenues or boulevards.

In the case of City of Weslaco v. Melton, 158 Tex. 61, 308 S.W.2d 18 (1957) the Supreme Court of Texas held that, "The validity of an ordinance is presumed and before the courts can interfere with its operations, the ordinance must clearly appear to be arbitrary, unreasonable and an abuse of the police power. The burden of that showing rests upon the party attacking the ordinance. Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945."

The defendant in this case has not met that burden.

The defendant's point two is overruled.

■ By points three (3) and five (5) respectively, the defendant asserts that the Court erred in overruling his motion for instructed verdict and in refusing to grant his motion for judgment non obstante veredicto.

Rule 301, T.R.C.P., provides that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper. In the case at bar an instructed verdict would not have been proper. Defendant's points three and five are overruled.

By points four (4) and six (6) respectively, the defendant complains of the court's failure to submit issues inquiring as to whether the City of Fort Worth accepted the strip of land between Blocks 21 and 22 of Edwards Heirs Addition as a public street within a reasonable time after its dedication (point 4), and whether all the owners of the Addition signed the plat and dedication (point 6).

In Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849, 851 (1950) the court said:

"We will first discuss the proposition that for the dedication to be effective it must be accepted by the public, or the body benefiting from the dedication. In the case of Oswald v. Grenet, 1858, 22 Tex. 94, loc. cit. 101 et seq., this court said: 'A dedication has been defined to be the act of de-

voting or giving property, for some proper object, and in such manner as to conclude the owner. Hunter v. Trustees, etc., 6 Hill (N.Y.), 407, 411. Thus, if one owning land, exhibit a map of it, on which a street is defined, though not as yet opened, and building lots to be sold by him, with reference to a front or rear on that street, this operates as an immediate dedication of the street; and the purchasers of lots have a right to have the street thrown open forever. (Authorities cited.)' "

At another point on page 851 in the Adams case the court wrote:

"Manziel v. Railroad Commission, Tex. Civ.App., 197 S.W.2d 490, 493, writ refused, says:

" 'The question thus presented is a very simple one, and is, we think, resolved by the well established principles that: (1) the sale of lots by reference to a recorded plat constitutes, as between the grantor and grantee a dedication of the streets, alleys and other ways designated in such plat. City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924; Coombs v. City of Houston, Tex.Civ.App., 35 S.W.2d 1066. * * *

" ' . . . As between the grantor and grantee, under the circumstances stated, the dedication is effective and irrevocable by the former. McLennan County v. Taylor, Tex.Civ.App., 96 S.W.2d 997.' "

"Where deed referred to original dedicatory plat on which a roadway was shown, dedication was in chain of title and grantee was charged with knowledge of its existence and took land burdened with the roadway.—Adams v. Rowles, 228 S.W.2d 849." 37A Texas Digest, "Vendor and Purchaser," ▆▆▆▆▆▆ See also Tuggle v. Cooke, 277 S.W.2d 729 (Fort Worth, Tex.Civ.App., 1955, ret. n. r. e.).

In the Adams case it was said that the "Cases which in principle support this holding are Terrell v. Summit Place Co., Tex.Com.App., 232 S.W. 282 and Houston Oil Co. v. Williams, Tex.Civ.App., 57 S.W.

2d 380, writ refused, and authorities there cited."

It has been previously noted that the defendant in this cause was named as grantee in two separate instruments involving the strip of roadway in question wherein reference was made to the plat and dedication involved in this cause. He was therefore charged with knowledge of its existence and that the land in dispute was burdened with a roadway.

Points four (4) and six (6) are overruled.

▆▆ The defendant (appellant) by his seventh (7th) and final point asserts error on the part of the court for including in its judgment, " . . . that Plaintiff, Paul D. Cretien and T. E. Tomlinson do have and recover from Defendant Harry Miller the title to and possession of the full 100% interest to the following described real property . . . . "

Defendant under this point argues that the plaintiffs are entitled to recover, if at all, only such interest as Harry Miller had in the property and that his wife, Helen Miller, who was not a party to the suit, was claiming a community homestead interest in the property.

In the case at bar there were no pleadings to support any claim of a homestead right in the property. This would preclude the introduction of any proof on the issue as to the existence of a homestead. Defendant failed to show that his wife had a defense capable of defeating the suit. 28 Tex.Jur.2d 474, § 82, and § 83, page 475, same text, and authorities there cited.

▆▆ Additionally Article 5517 applies in this cause and the defendant may not claim the land in question by limitations. Adams v. Rowles, 228 S.W.2d 849, supra. The roadway strip in question was not abandoned by the City until April 21, 1969.

The appellees in this cause have established by pleadings and proof that they are the owners of the land adjacent to the

roadway which was abandoned by the City of Fort Worth by Ordinance No. 6085 on April 21, 1969, and are therefore, as abutting property owners, entitled to the strip of land in question.

In Mitchell v. Bass, 26 Tex. 372, it was held that, "The established doctrine of the common law is, that a conveyance of land bounded on a public highway carries with it the fee to the center of the road as part and parcel of the grant. Such is the legal construction of the grant unless the inference that it was so intended is rebutted by the express terms of the grant. The owners of the land on each side go to the center of the road, and they have the exclusive right to the soil, subject to the right of passage in the public. Upon the discontinuance of the highway the soil and freehold revert to the owner of the land." To the same effect see Texas Co. v. Texarkana Mach. Shops, 1 S.W.2d 928 (Texarkana, Tex.Civ.App., 1928, no writ hist.). See also 18 A.L.R. 1008; 70 A.L.R. 564, and 28 Tex.Jur.2d 158, Sec. 131.

Having overruled all points of error the judgment of the trial court is affirmed.