**Frederick GRUBB, Appellant,**

v.

**Thomas GRUBB, Appellee.**

**No. 6424.**

Court of Civil Appeals of Texas, El Paso.

June 11, 1975.

Rehearing Denied July 23, 1975.

**40**

Malcolm McGregor, Philip T. Cole, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, Charles R. Jones, Stephen B. Tatem, Jr., El Paso, for appellee.

## OPINION

OSBORN, Justice.

This case involves a suit between two brothers for damages arising from personal injuries sustained while work was being performed in a master-servant relationship and the defense of assumed risk as it relates to such relationship. The jury found that the Appellee-master committed two negligent acts which proximately caused the injuries sustained by the Appellant-servant and awarded damages for such injuries. The trial Court entered a take-nothing judgment based upon the jury's answers to two special issues concerning assumed risk. We reverse and render judgment for the Appellant.

In 1969, Appellee sold a ranch which he owned in Colorado with the understanding that the ranch equipment would be removed the next year. In 1970, Appellant, as Appellee's employee, went to Colorado to remove the equipment which included a hay baler. Appellant was instructed to drive a semi-trailer truck into a ravine on the ranch so that the trailer was parallel to the bank of the ravine. He was to pull the baler onto the trailer. When Appellant arrived at the ranch, the ground had begun to thaw so that it was extremely muddy and slick. He phoned Appellee and requested a boom and winch truck for purposes of loading the baler, but such request was refused. As the baler was being loaded onto the trailer it slipped off into the ravine. Appellant then decided to pull the baler out of the ravine with a tractor. While pulling the baler up the ravine, the baler evidently became bound causing the tractor to rear up and fall over on the Appellant.

The Appellant had experience operating a tractor and he knew that if the forward momentum of the tractor was suddenly stopped by some force, such as hanging the load being pulled, the gearing in the tractor would cause the tractor to rotate around the axle in such a manner as to cause the tractor to rear up and fall back on him. He testified that he felt the baler or something bind, but before he could do anything the tractor reared up and fell on him. He did not know why the baler became bound on this occasion. The jury found that the Appellee's negligent failure to provide Appellant with a reasonably safe place in which to work was a proximate cause of his injuries, and that the Appellee's negligent failure to provide Appellant a winch truck to load the hay baler was a proximate cause of his injuries. With regard to Appellant operating the tractor at an excessive rate of speed, failing to timely engage the hand clutch, and failing to keep a proper lookout,

the jury answered each issue with a negative answer. Special Issues Nos. 5 and 6 were as follows:

## "SPECIAL ISSUE NO. 5

"Do you find from a preponderance of the evidence that on the occasion in question, the Plaintiff, FREDERICK GRUBB, voluntarily undertook to remove the hay bailer from the ravine with the tractor?

"Answer 'He did' or 'He did not'.

"ANSWER:  He did"

## "SPECIAL ISSUE NO. 6

"Do you find from a preponderance of the evidence that the Plaintiff, FREDERICK GRUBB, knew and appreciated the danger of the tractor rearing if the hay bailer became bound while pulling it out of the ravine with the tractor?

"Answer 'He did' or 'He did not'.

"ANSWER:  He did"

Based upon such verdict, Appellant filed a motion to disregard Special Issue No. 5 and the answer thereto and to enter judgment in his favor upon the remaining findings of the jury. Appellee filed a motion for judgment on the verdict which the trial Court granted, denying Appellant any recovery. Appellant in all of his points of error complains of the judgment of the trial Court and the failure to disregard the assumed risk findings in Special Issues Nos. 5 and 6.

The procedural aspects of the appeal greatly complicate a review of the substantive issues involved. Appellant presents ten points of error, none of which are related as being germane to any assignment of error in the motion for new trial despite such requirement in Rule 418, Texas Rules of Civil Procedure. This may be intentional since all the assignments in the motion for new trial are legally insufficient, save the last one. Point of Error Number Six, based upon the last assignment of error, cannot

be sustained because there is some evidence to support the jury's answer to Special Issue No. 6. Other than the last assignment of error, the grounds set forth in the motion for new trial are as follows:

"I.

"The Trial Court erred in overruling the Defendant's objections to Special Issue No. 5.

"II.

"The Trial Court erred in overruling the Defendant's objections to Special Issue No. 6.

"III.

"The Trial Court erred in failing to submit the Plaintiff's Requested Issues and Instructions that correctly submitted the theory of assumption of risk.

"IV.

"The Court erred in refusing to disregard the jury's answers to Special Issues Nos. 5 and 6 and to enter judgment in favor of the Plaintiff."

These assignments do not comply with the provisions of Rules 320, 321, 322 and 374, Tex.R.Civ.P., and come within the conclusion reached in Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960), where the Court said:

"*  *  * An assignment of error in a motion for new trial which merely directs the trial judge to scan all of a party's objections to the charge of the court is legally insufficient to require or to justify consideration of a point of error based thereon. *  *  *"

Thus, despite the fact that the Appellant apparently made good and valid objections to the Court's charge concerning

the assumed risk issues in this case, those complaints can avail him nothing under the motion for new trial which was filed in this case.

But, Appellant did file a motion to disregard a jury finding in which an attack was made on Special Issue No. 5 and its answer on the basis that the issue formed no element of a defensive theory and was insufficient to submit the theory of assumed risk. Such a motion, when denied, may form the basis for a point of error, even though it is not set forth in the motion for new trial. Rule 324, Tex.R.Civ.P.; Wagner v. Foster, supra. We conclude this motion is sufficient to serve as a basis for Appellant's Point of Error Number Four which complains that the trial Court erred in refusing to disregard Special Issue No. 5 and in refusing to enter judgment for Appellant on the remaining jury findings.

■ A jury's answer to a special issue may be disregarded when the issue is immaterial. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.1966); Burch v. Southwest Title Company, 450 S.W.2d 752 (Tex. Civ.App.—San Antonio 1970, no writ). We conclude that Special Issue No. 5 was immaterial since it only submitted an evidentiary issue, not an ultimate issue, and did not inquire about any disputed fact issue concerning the defense of assumption of risk.

■ Without dispute, Appellant did voluntarily drive the tractor on the occasion in question for the purpose of pulling the hay baler from the ravine. But that is not to say that he voluntarily encountered the risk with which he became involved. The danger arose and the risk of injury occurred only after the baler became bound. Had he then proceeded to attempt to remove the baler he obviously would have voluntarily encountered a danger, which actually existed, and would have assumed the risk since he did know and appreciate the danger of

the tractor rearing once the baler became bound (Special Issue No. 6). In this case, the jury did not find any negligent conduct upon the part of the Appellant, even with regard to his failure to timely engage the hand clutch, which would have prevented the tractor turning over, but even if they had found in the affirmative on such issue, a negligent failure to choose the best escape from the throes of peril is not a voluntary encounter with the danger. Henderson v. Ford Motor Company, 519 S.W.2d 87 (Tex. 1974). Quite obviously from that opinion, the Court has limited the application of the assumed risk doctrine in cases where there is very limited time and opportunity to avoid an accident. Also see Ellis v. Moore, 401 S.W.2d 789 (Tex.1966), and Cantrell v. Markham & Brown Company & Associates, 452 S.W.2d 940 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.).

■ Special Issue No. 5, as submitted, does not raise an essential issue necessary to establish the defense of assumed risk. Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.1972). It is essential that the "voluntary encounter" be with existing conditions which are known and dangers which are appreciated. Sinclair Refining Company v. Winder, 340 S.W.2d 503 (Tex. Civ.App.—Waco 1960, writ ref'd). Special Issue No. 5 did not make such an inquiry and it made no mention of the risk which gave rise to the danger inquired about in Special Issue No. 6. With sufficient knowledge a servant may assume the risk of every probable danger, but that is not to say he assumes the risk of every possible danger. Orange Lumber Co. v. Ellis, 105 Tex. 363, 150 S.W. 582 (1912).

■ It is incumbent upon a party to submit substantially correct issues which raise each element of a ground of recovery or a defense. Rule 279, Tex.R.Civ.P.; National Life and Accident Insurance Company v. Salas, 426 S.W.2d 327 (Tex.Civ.App.— Eastland 1968, writ ref'd n. r. e.); Weingar-

ten, Inc. v. Scott, 456 S.W.2d 266 (Tex.Civ. App.—Houston (14th Dist.) 1970, no writ); Merchandise Mart, Inc. v. Marcus, 483 S.W.2d 893 (Tex.Civ.App.—Tyler 1972, writ ref'd n. r. e.). And evidentiary issues cannot form the basis for a judgment. Ratcliffe v. Ormsby, 298 S.W. 930 (Tex.Civ. App.—Eastland 1927), aff'd Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084 (1928); Simmons Motor Company v. Mosley, 379 S.W.2d 711 (Tex.Civ.App.—Austin 1964, writ ref'd n. r. e.); Masterson, Preparation and Submission of Special Issues in Texas, 6 Sw.L.J. 163, 169 (1952).

In this case, counsel for the Appellant not only made valid objections to Special Issue No. 5 but went further and requested that if any special issue was to be submitted on the defense of assumed risk that it be in the terms of the issue as set forth in the footnote in Adam Dante Corporation v. Sharpe, supra. Such request was refused by the trial Court. The Appellee being satisfied with the issue made no complaint.

■■■■■ Concluding that the Appellee had the burden to submit substantially correct issues which raised each and every element of the defense of assumed risk, and that Special Issue No. 5 submitted no element of such defense, and that without such issue there is no finding of a "voluntary encounter" with the actual risk which caused the accident, namely, the tractor rearing over, the defense has not been established. Favorable jury findings on some of the elements of a cause of action or a defense are of no effect where some issues are omitted and proper complaint is made by the opposing party. Ray v. Rushin, 225 S.W.2d 208 (Tex.Civ.App.—Waco 1949, no writ); Merchandise Mart, Inc. v. Marcus, supra.

■■■■■ Appellee also urges that there is no showing of any breach of duty in this case. We cannot agree. A master has certain absolute and nondelegable duties which are owed to an employee including the duty to furnish a reasonably safe place to work and the duty to furnish reasonably safe machinery or instrumentalities with which to work. Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397 (1934); Mender v. Bryant, 225 S.W.2d 877 (Tex.Civ. App.—El Paso 1949, writ ref'd); Martinez v. Delta Brands, Inc., 515 S.W.2d 263 (Tex. 1974). We believe the evidence was legally and factually sufficient to support the jury findings of negligence and proximate cause. Surely Appellee could reasonably anticipate and foresee that if the first attempt to load the hay baler was not successful, a second attempt would be made, and this could include pulling the baler out of the ravine and back up on the bank next to the trailer.

The case has been fully developed and each party has had an opportunity to have a jury pass upon those issues which he believed to be controlling in the case. Having failed to obtain proper findings on each element of the defense of assumed risk and having failed to request a proper issue such as was outlined in the Adam Dante case, the Appellee is not entitled to have the case remanded for another "bite at the apple." Jackson v. Ewton, 411 S.W.2d 715 (Tex. 1967). Therefore we sustain Appellant's fourth point of error and reverse the judgment of the trial Court and render judgment for the Appellant, such being the judgment which the trial Court should have rendered. Scott v. Liebman, 404 S.W.2d 288 (Tex.1966).